**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street, Suite 650 # 1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEN ANGELINI, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>    v.<br><br>TTI OUTDOOR POWER EQUIPMENT, INC.,<br><br>                     Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

COMPLAINT – JURY TRIAL DEMANDED

## **NATURE OF THE ACTION**

1.      This is a class action against Defendant TTI Outdoor Power Equipment, Inc. ("TTI") for the manufacture, importation, distribution, and sale of electric pressure washers, all of which suffered from an identical defect.

2.      Specifically, the pressure washer's capacitor can overheat and burst, causing parts to be forcefully ejected, posing a risk of serious injury from impact to the user or bystanders.  Consumers who have experienced the defect have repeatedly described the pressure washers "blowing up."

3.      "[TTI] has received 135 reports of capacitors overheating, including 41 reports of explosions, resulting in 32 injuries and/or fractures to the fingers, hands, face, and eyes."[1]

4.      The products have been recalled, and consumers have been instructed to "immediately stop using" them.  Hence, the pressure washers are unreasonably dangerous, and unsuitable for their principal and intended purpose.

5.      TTI refuses to provide refunds for its admittedly defective pressure washers.  Instead, consumers' only option is to attempt to repair the product themselves—regardless of whether they have the tools, aptitude, or time to do that. TTI's policy violates section 1793.2 of the Song-Beverly Consumer Warranty Act, which prohibits manufacturers like TTI from requiring consumers to perform their own repairs while a product is still under warranty.

6.      TTI's recall also is inconsistent with general industry practices. It has become common practice for U.S. companies that sell small consumer goods to offer refunds as an alternative to repairs or replacements when their products are recalled.  This option incentivizes consumers to surrender their dangerous products pursuant to the recall, thereby getting more of the dangerous products out of circulation. TTI has decided not to follow prevailing industry standards.

---

[1] https://www.cpsc.gov/Recalls/2025/TTI-Outdoor-Power-Equipment-Recalls-RYOBI-Pressure-Washers-Due-to-Projectile-Hazard-Risk-of-Serious-Injury

COMPLAINT – JURY TRIAL DEMANDED                                    1

Instead, TTI implemented a half-hearted recall that allows it to *say* it is doing the right thing, while protecting its bottom line.

7.    Plaintiff is filing this class action lawsuit to seek all available relief to consumers, to raise awareness that TTI's pressure washers are a hazard, and to "encourage companies to take greater care in avoiding the production [and sale] of hazardous products in the first place." *Kaupelis v. Harbor Freight Tools USA, Inc.*, 2019 WL 6998661 at *10 (C.D. Cal. Oct. 9, 2019) (quoting *In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1115-16 (C.D. Cal. 2008)).

## PARTIES

8.    Plaintiff Ken Angelini is domiciled in California. In the summer of 2023, Plaintiff purchased a Ryobi RY142300 electric pressure washer from Home Depot. The product Plaintiff purchased is one of the products at issue in this case.

9.    Plaintiff experienced the defect at issue in this case.  In May 2025, the capacitor burst when the product was in use.  The explosion nearly knocked Mr. Angelini over and injured one of his fingers.

10.    Plaintiff contacted Ryobi several times about the incident, and was ultimately told that the company could not help him.

11.    There were no warnings about the defect on the product box, on Home Depot's product webpage, or anywhere else.  The defect was material to Plaintiff.  If Defendant had disclosed the defect on the product packaging or somewhere else, Plaintiff would not have purchased the product, would not have purchased the product on the same terms, or would have promptly returned it when he noticed the disclosure.

12.    Plaintiff has no past or present financial, employment, familial, or other relationship with any of the attorneys in this case.

13.    Defendant TTI is a Delaware corporation with a principal place of business in Anderson, South Carolina.  TTI designed, produced, and marketed the

products at issue here, and is responsible for the current CPSC recall concerning those products.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class exceed $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from Defendant.

15.    The amount-in-controversy requirement is satisfied here.  There are approximately 764,000 products at issue.  The average price of the products was $350.  Therefore, the amount in controversy is over $250 million, without accounting for punitive damages and attorney's fees (i.e., 764,000 x $350).

16.    This Court has personal jurisdiction over Defendant because its contacts with the forum are continuous and substantial, and Defendant otherwise intentionally availed itself of the laws of this State through the marketing of the products at issue to consumers in California and through sales of the products in California. A substantial portion of the events giving rise to the claims alleged here occurred in this State.

17.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and because Defendant engages in continuous and systematic business activities within this District.

## FACTUAL ALLEGATIONS

18.    **Product at Issue**:  RY142300 Electric 2300 PSI Pressure Washer and RY1427111 Electric 2700 PSI Pressure Washer.

19.    The products were sold at Home Depot, an authorized dealer of Ryobi products.

20.    **Defect at Issue:**  As stated by TTI on its website: "the pressure washers' capacitor can overheat and burst, causing parts to be forcefully ejected, posing a risk of serious injury from impact to the user or bystanders." This defect creates a "projectile hazard" that poses a "risk of serious injury."

21.    Defendant received 135 reports of malfunctions, including 41 reports of explosions, resulting in 32 hand, finger, face, eye injuries and/or fractures.

22.    In addition, all consumer complaints made to the CPSC are automatically forwarded to manufacturers.  Records show that TTI has received alarming complaints about the problem for *years*, and yet did nothing. The examples listed below are illustrative and do not represent the universe of complaints that TTI received. Dates shown are the dates when TTI received the reports from the CPSC:

March 29, 2023:

*"My Ryobi Electric Pressure Washer Model RY142711VNM washer exploded. I supplied water to the unit, plugged it in, released pressure from the waterline, pressed the power button, and the pressure washer exploded. Sounded like a bomb. My right hand index finger was busied [SIC] and bleeding after being cut by debris. Could not hear clearly for a few minutes due to the explosion.*

October 7, 2024:

*"On September 22, 2024, I was washing my truck at home with my Ryobi electric pressure washer. When I went to press the push to start button, the unit exploded and injured by hand. The lid and bolts blew off. There was a very loud exploding noise that set off car alarms. My hand immediately swelled up so I went to the emergency room. Luckily, I did not have any broken bones in my hands or fingers."*

January 16, 2025:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*"My Ryobi RY142711VNM (2700 PSI 1.1 GPM) Electric Pressure Washer exploded. As I pressed the power button to activate the machine, the top of the unit suddenly exploded with significant force. The explosion caused internal components to eject from the machine, accompanied by a loud noise and a strong burning odor. Upon inspection, I observed that a component inside the machine, possibly a capacitor, had exploded. The incident left the interior of the unit burned and coated with black, soot-like residue. Additionally, the wiring was completely disconnected, and the force of the explosion dislodged the screwed-on cover and the power button. This incident occurred at the moment of startup and resulted in an injury to my right-hand index finger."*



(Photograph provided with report).

23.    **Relevant Time Period:** The products were sold at Home Depo from July 2017 to June 2024.  There have been no material changes to the product packaging or other consumer facing materials during the relevant period.

24.    **The Omissions:** Defendant sold the products as electric pressure washers, and implied that they were suitable for that purpose.  However, Defendant failed to disclose that the products had defective capacitors that can overheat and burst, posing an unreasonable "risk of serious injury."  The risk associated with the products at issue was beyond any reasonable or nominal risk that might be associated with pressure washers generally.

25.    The omission pertains to an unreasonable safety hazard that reasonable consumers consider to be material.

26.    Plaintiff and class members would not have bought the products, or would not have bought them on the same terms, if the defect had been disclosed. The materiality of the defect also is demonstrated by the existence of the recall.

27.    At the time of purchase, Plaintiff and class members did not know and did not have reason to know that the products were defective. Defendant had exclusive knowledge of that fact.

28.    Defendant made partial representations to Plaintiff and class members, while suppressing the safety defect. Specifically, by displaying the products and describing their functions and parts, the Defendant implied that the products were suitable and reasonably safe to use as pressure washers, without disclosing that they had a critical safety-related defect.

29.    **No Adequate Remedy At Law:**  Plaintiff and members of the Class are entitled to equitable relief because no adequate remedy at law exists.

30.    Legal remedies are inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief.

31.    Damages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages.

COMPLAINT – JURY TRIAL DEMANDED                                6

Hence, the Court may award restitution even if it determines that Plaintiff fail to sufficiently adduce evidence to support an award of damages.

32.    Damages and restitution are not the same amount.  Unlike damages, restitution is not limited to the amount of money Defendants wrongfully acquired plus the legal rate of interest.  Equitable relief, including restitution, entitles a plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Plaintiff seeks non-restitutionary disgorgement of profits in connection with his unjust enrichment claim.

33.    Legal claims for damages are not equally certain as restitution because equitable claims entail few elements.

34.    In short, significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law.

35.    **The Recall Does Not Render This Lawsuit Moot:** The recall does not render this lawsuit moot because it does not provide all of the same relief available in this lawsuit.

36.    First, no refunds are provided, and as a result, this class action seeks monetary relief that the recall does not provide.

37.    Second, the recall remedy is inadequate because it violates the Song-Beverly Consumer Warranty Act.

38.    Third, the recall was only briefly publicized and in a very limited manner.  Therefore, on information and belief, many eligible class members remain unaware of it, and the response rate has been low.  The amount and reach of the publicity concerning the notice of recall was not comparable to the typical notice provided in a class action.

## CLASS ALLEGATIONS

39.    *Class Definition*: Plaintiff brings this action on behalf all people the following classes and subclasses:

COMPLAINT – JURY TRIAL DEMANDED                                                    7

40.     <u>Multi-State Implied Warranty Class</u>: All persons who purchased a subject product for personal, family, or household use: (1) in Alaska, Arkansas, California, Delaware, District of Columbia, Hawaii, Indiana, Kansas, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Texas, Utah, Virginia, or Wyoming within the applicable statute of limitations; or (2) in Colorado or Massachusetts within the applicable statute of limitations.

41.     <u>Multi-State Consumer Protection Class</u>:  All persons who purchased a subject product for personal, family, or household use: (1) in the states of Michigan, Minnesota, or New Jersey within the applicable statute of limitations; (2) in the state Missouri within the applicable statute of limitations; (3) in the states of California, Florida, Massachusetts, or Washington within the applicable statute of limitations; (4) in the states of Illinois and New York within the applicable statute of limitations.

42.     <u>California class</u>: all people who purchased or leased a subject product in California.

43.     Each of the above class definitions is a placeholder that "may be altered or amended before final judgment." Fed. Civ. P. 23(c)(1)(C).  Subject to additional information obtained through further investigation and discovery, the foregoing class definitions may be expanded or narrowed by amendment or in the motion for class certification, including through the use of multi-state subclasses to account for material differences in state law, if any.

44.     Excluded from the putative classes is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, Defendant's parent or related companies, Home Depot, Inc., the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.  Also excluded are any claims for personal injury.

45.    **Numerosity.**  Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, each Class or Subclass includes thousands of consumers.  The precise number of Class Members and their identities are unknown to the Plaintiff at this time but may be determined through discovery.  Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant or other means.

46.    **Commonality and Predominance.**  Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.  Common legal and factual questions include, but are not limited to:

(a)    Whether the products are defective;

(b)    Whether the defect at issue would be material to a reasonable consumer;

(c)    Whether Plaintiff and class members suffered a monetary loss by purchasing a defective subject product;

(d)    Whether Defendant's conduct, as alleged herein, violates the consumer protection laws asserted here;

47.    **Typicality.**  Plaintiff's claims are typical of the claims of the Classes in that Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct.

48.    **Adequacy.**  Plaintiff will fairly and adequately protect the interests of Class members.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Plaintiff has no interests that are antagonistic to those of the Class.

49.    **Superiority.**  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, inter alia, the

COMPLAINT – JURY TRIAL DEMANDED                                    9

following reasons: prosecutions of individual actions are economically impractical for members of the Classes; the Classes are readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

50.     Without a class action, Defendant will continue a course of action that will result in further damages to the Plaintiff and class members and will likely retain the benefits of its wrongdoing.

## COUNT I
### Violations of California's Unfair Competition Law ("UCL")
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

51.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

52.     Plaintiff brings this cause of action individually and on behalf all other class members.

53.     California Business & Professions Code Section 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

54.     Defendant knew about the defect at issue at the time of sale. Alternatively, Defendant was willfully blind to the existence of the defect, which is the equivalent of knowledge.

55.     Plaintiff alleges a claim under the unfair and unlawful prongs of the UCL.

56.     Defendant's conduct constitutes "unfair" business acts and practices within the meaning of the UCL, in that their conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous.  Defendant's violation of consumer protection and unfair competition laws resulted in harm to consumers.

COMPLAINT – JURY TRIAL DEMANDED                                    10

57.     Defendant's conduct was unfair because it knew or should have known that it was manufacturing and distributing hazardous products and continued to sell them anyway despite knowing about the hazard.

58.     Defendant's conduct was unfair because it sold defective products, and now seeks to protect its bottom line by refusing to provide refunds for those products, and by refusing to repair the products.

59.     Plaintiff also alleges a violation under the "unlawful" prong of the UCL because Defendant's conduct violated consumer protection laws and the common law as set forth herein, including but not limited to the CLRA and Song-Beverly Consumer Warranty Act.

60.     Defendant also violated 16 C.F.R. 1115.4 and 1115.6, which requires every manufacturer and importer, distributor, and retailer of a consumer product to inform the CPSC when it obtains information which reasonably supports the conclusion that the product contains a defect which could create a substantial product hazard, or an unreasonable risk of serious injury.

61.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the other members of the Class have suffered out-of-pocket losses.

62.     Plaintiff and class members have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein, and they lack an adequate remedy at law to address the unfair conduct at issue here.

63.     Plaintiff seeks all relief available under the UCL.

## COUNT II
### Violations of California's Consumer Legal Remedies Act ("CLRA")
### Cal. Civ. Code §§ 1750, *et seq.*

64.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

COMPLAINT – JURY TRIAL DEMANDED                                        11

65.     Plaintiff brings this cause of action individually and on behalf all other class members.

66.     Defendant is a "person" as defined by California Civil Code § 1761(c).

67.     Plaintiff and the other Class members are "consumers" within the meaning of California Civil Code § 1761(d).

68.     For the reasons alleged above, Defendant violated California Civil Code § 1770(a)(5)(7) and (9).

69.     Defendant's unfair and deceptive acts or practices occurred repeatedly in Defendant's trade or business.

70.     Defendant acted with knowledge and intent.

71.     Defendant engaged in conduct that had the tendency or capacity to deceive or confuse reasonable consumers.

72.     With respect to restitution under the CLRA claim, Plaintiff allege in the alternative that they lack an adequate remedy at law for the reasons already alleged above.

73.     As a result of Defendant's misconduct, Plaintiff and other Class members have suffered monetary harm.

74.     Plaintiff seeks all relief available under this cause of action except damages.

## <u>COUNT III</u>
**Violation of Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.***

75.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

76.     Plaintiff brings this cause of action individually and on behalf all other class members.

77.     The Products are "consumer goods" and Plaintiff and class members are "buyers" within the meaning of Cal. Civ. Code § 1791.

78.     Defendant is a "manufacturer" or "distributor" under Cal. Civ. Code § 1791.

79.     The implied warranty of merchantability included with the sale of each Product means that Defendant warranted that each product (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which it would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

80.     The products would not pass without objection in the trade because they contain the above-described defect, which also makes them unfit for the ordinary purpose for which they would be used.

81.     The products are not adequately labeled because their labeling fails to disclose the defect and does not advise class members of the existence of the danger prior to experiencing failure firsthand.

82.     The products were not sold on an "as is" or "with all faults" basis.

83.     Any purported disclaimer of implied warranties was ineffective because it was not conspicuous and not made available to the purchaser before the sale of the products.  Instead, if a disclaimer was made at all, it was buried in an owner's manual, which was tucked away in the product packaging and not made available until after purchase.

84.     Defendant's actions have deprived Plaintiff and class members of the benefit of their bargains and have caused the products to be worth less than what Plaintiff and other class members paid.

85.     As a direct and proximate result of the breach of implied warranty, class members received goods whose condition substantially impairs their value. Class members have been damaged by the diminished value of their Products.

COMPLAINT – JURY TRIAL DEMANDED                                    13

86.     Under Cal. Civ. Code §§ 1791.1(d) and 1794, Plaintiff and class members are entitled to damages and other legal and equitable relief, including, at their election, the right to revoke acceptance of the products or the overpayment or diminution in value of their products. They are also entitled to all incidental and consequential damages resulting from the breach, as well as reasonable attorneys' fees and costs.

87.     Defendant further violated section 1793.2 of the Song-Beverly Consumer Warranty Act, which requires that "every manufacturer of consumer goods sold in [California] and for which the manufacturer has made an express warranty shall" maintain in California service and repair facilities (or authorized independent facilities) close to all areas where its consumer goods are sold to carry out the terms of those warranties.  If a warranted product requires repair, there are three options: (1) the buyer can deliver the product to the service facilities for repairs; (2) the manufacturer will come to the buyer's home to make the repair; or (3) the manufacturer will either pick up the product or pay for shipment of the product to the manufacturer.  None of those things happened in connection with the defective products at issue here.

88.     Plaintiff seeks all relief available under this cause of action.

## COUNT IV
### Breach of Implied Warranty

89.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

90.     Plaintiff brings this cause of action individually and on behalf all other class members.

91.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller of the products at issue, impliedly warranted that the products would pass without objection in trade under the contract description; was fit for the

COMPLAINT – JURY TRIAL DEMANDED                                    14

ordinary purpose for which the products would be used; and conformed to the promises or affirmations of fact made on the container or label.

92. Home Depot is an authorized dealer of Ryobi products, including the pressure washers at issue here. Home Depot has an exclusive retail partnership with Ryobi for North America, meaning that Ryobi-branded tools are only sold at Home Depot in the region. Home Depot is a licensee of the Ryobi brand for sale.

93. As an authorized dealer with an exclusive partnership in North America, Defendant TTI would have impliedly warranted to Home Depo that its products would pass without objection in trade under the contract description; were fit for the ordinary purpose for which the products would be used; and conformed to the promises or affirmations of fact made on the container or label. Plaintiff and class members were third-party beneficiaries of that implied warranty because they were the intended and foreseeable end-users of the products.

94. Plaintiff and class members relied on written materials of the manufacturer, Defendant TTI.

95. Defendant TTI was aware that remote customers generally expect Ryobi products to meet minimum standards. The pressure washers at issue here did not meet minimum standards.

96. Defendant breached implied warranties because the products could not pass without objection in the trade under the contract description, they were not adequately labeled because there was no disclosure of the defect at issue; and they are unfit for their ordinary purpose. As a result, Plaintiff and members of the Classes did not receive the goods as impliedly warranted by Defendant to be merchantable.

97. Plaintiff and Members of the Classes purchased the products in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

98.    The products were defective when it left the exclusive control of Defendant.

99.    Plaintiff and class members did not receive the goods as warranted.

100.    The Products were not sold on an "as is" or "with all faults" basis.

101.    Any purported disclaimer of implied warranties was ineffective because it was not conspicuous and not made available to the purchaser before the sale of the product. Instead, if a disclaimer was made at all, it was buried in an owner's manual, which was tucked away in the product packaging and not made available until after purchase.

102.    As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and class members have been injured and harmed because: (a) they would not have purchased the products on the same terms if they knew that the Product was dangerous; and (b) the products do not have the characteristics, uses, or benefits as promised by Defendant.

103.    Plaintiff seeks all relief available under this cause of action.

### COUNT V
**Unjust Enrichment**

104.    Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

105.    Plaintiff brings this cause of action individually and on behalf all other class members.

106.    To the extent required, Plaintiff asserts this cause of action in the alternative to legal claims, as permitted by Rule 8.

107.    Plaintiff and the class members conferred a benefit on Defendant in the form of the gross revenues Defendant derived from the sale of defective products.

108.    Defendant knew of the benefit conferred on it by Plaintiff and the Class Members.

COMPLAINT – JURY TRIAL DEMANDED                    16

109.   Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and the Class Members' purchases of the products, which retention of such revenues under these circumstances is unjust and inequitable because Defendant omitted that the products were dangerous and/or failed to correct the defect by providing refunds or repairing the product.  This caused injuries to Plaintiff and class members because they would not have purchased the products or would have paid less for them if the true facts concerning the products had been known.

110.   Defendant accepted and retained the benefit in the amount of the gross revenues it derived from sales of the products.

111.   Defendant profited by retaining the benefit under circumstances which would make it unjust for Defendant to retain the benefit.

112.   Plaintiff and the Class Members are, therefore, entitled to restitution in the form of the revenues derived from Defendant's sale of the products.

113.   As a direct and proximate result of Defendant's actions, Plaintiff and class members have suffered in an amount to be proven at trial.

114.   Class members have suffered an injury in fact and have lost money as a result of Defendant's unjust conduct.

115.   Putative class members lack an adequate remedy at law with respect to this claim and are entitled to non-restitutionary disgorgement of the financial profits that Defendant obtained as a result of its unjust conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.  For an order certifying the classes alleged in this complaint, and naming Plaintiff as the representatives of those classes;

b.  For an order declaring Defendant's conduct violates the statutes referenced herein;

---

COMPLAINT – JURY TRIAL DEMANDED                                    17

c. For an order finding in favor of Plaintiff and class members on all counts asserted herein;

d. For actual, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For injunctive relief requiring compliance with section 1793.2 of the Song-Beverly Consumer Warranty Act.

h. For an order awarding Plaintiff and class members their reasonable attorneys' fees, expenses, and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated:  September 2, 2025                    Respectfully submitted,

                                     /s/   Yeremey Krivoshey

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street, Suite 650 # 1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

*Attorneys for Plaintiff*

1

**CLRA Venue Declaration, Civil Code § 1780(c)**

2

I, Yeremey Krivoshey, declare as follows:

3

1.     I have personal knowledge to the facts stated herein and, if called

4

upon to do so, could competently testify hereto.

5

2.     I am the attorney for Plaintiff in the above-captioned action.

6

3.     I submit this declaration in support of the Class Action Complaint,

7

which is based in part on violations of the Consumers Legal Remedies Act,

8

California Civil Code § 1750 *et seq.*

9

4.     The Class Action Complaint has been filed in the proper place for

10

trial of this action.

11

5.     It is my understanding that Defendant regularly transacts business in

12

this County, and the acts and omissions giving rise to this action occurred in large

13

part in this County.

14

I declare under penalty of perjury under the laws of the United States that

15

the foregoing is true and correct to the best of my knowledge.  Executed on

16

September 2, 2025 in Louisville, KY.

17

18

By:    /s/ Yeremey Krivoshey

19

Yeremey Krivoshey

20

21

22

23

24

25

26

27

28

COMPLAINT – JURY TRIAL DEMANDED                                    19