MELISSA S. WEINER
(Pro Hac Vice Forthcoming)
RYAN T. GOTT
(Pro Hac Vice Forthcoming)
**PEARSON WARSHAW, LLP**
328 Barry Avenue S., Suite 200
Wayzata, Minnesota 55391
Telephone: (612) 389-0600
Facsimile:  (612) 389-0610
mweiner@pwfirm.com
rgott@pwfirm.com

Yeremy Krivoshey (SBN 295032)
Brittany S. Scott (SBN 327132)
**SMITH KRIVOSHEY**
28 Geary Street, Suite 650 #1507
San Francisco, CA 94108
Telephone: (415) 829-7000
Email: yeremy@skclassactions.com
brittany@skclassactions.com

*Counsel for Plaintiffs*
*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| *In re RYOBI Power Washer Litigation* | Case No. 5:25-cv-02280-MWF(SPx) |
| | **STIPULATION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND EXECUTIVE COMMITTEE** |

STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES

1.      Purpose of the Stipulation: Pursuant to Fed. R. Civ. P. 23(g) and this Court's January 26, 2026 Order (Doc. No. 16), the parties stipulate, subject to the Court's approval, that Melissa Weiner of Pearson Warshaw, LLP and Joel D. Smith of Smith Krivoshey, P.C. shall serve as Co-Interim Lead Counsel in this matter; and Nick Suciu of Bryson Harris Suciu & Demay PLLC, Brett Cohen of Leeds Brown Law P.C., and Paul Doolittle of Poulin Willey Anastopoulo shall support co-lead interim counsel and act as Executive Committee members.

2.      Defendant's Disclaimer: Defendant agrees to this stipulation solely for administrative convenience and early case management purposes, and to facilitate the filing of a consolidated complaint. By entering into this stipulation, Defendant does not waive any arguments concerning the adequacy requirement under Fed. R. Civ. P 23(a)(4), or any other defense that Defendant may raise in this matter, and does not adopt the statements in Paragraph 3 below. Defendant's participation in this stipulation will not be treated as evidence of adequacy in any contested motion between the parties concerning certification, or used to prejudice any position that Defendant may later take in this case.

3.      In further support of this stipulation, Plaintiffs state as follows:

a.      The appointment of interim class counsel is recommended early in the litigation, prior to class certification, to protect the interests of the putative class. *See* Manual for Complex Litigation, at § 21.11, p. 246-47 (4th ed. 2004) ("Manual"); *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification). Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."

b.      A stipulation for appointment of interim counsel is generally appropriate where there are no competing candidates for leadership. *See* Manual, at § 21.11, p. 247 (explaining that "the lawyers may stipulate to the appointment of a lead

STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES

interim counsel and a steering committee to act for the proposed class"); *Amador v. Logistics Express, Inc.*, 2010 WL 3489038, at *3 (C.D. Cal. Aug. 27, 2010) (requiring competing firms to file motions for interim lead counsel only if they could not reach agreement amongst themselves). Here, the parties are unaware of any other pending cases in this District or any other state or federal court involving the same subject matter, claims, and putative classes, such that there are potential competitors for interim leadership. A stipulation is therefore permissible here.

c.    Rule 23(g) provides, in relevant part, that in appointing class counsel the Court should consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; (iv) the resources that counsel will commit to representing the class; and "any other matter" pertinent to counsel's ability to represent the interests of the class. Fed R. Civ. P. 23(g)(1)(A), (B). Generally, a class is fairly and adequately represented where counsel is sufficiently qualified and experienced in class action litigation to "prosecute the action vigorously on behalf of the class." *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012).

d.    As for the first factor, proposed class counsel have investigated the potential legal claims and factual issues arising from the alleged product defect at issue in this case. This included factual research on the alleged defect and ensuing recall; legal research regarding potential causes of action; interviewing the named plaintiffs about their experiences with the product defect and evaluating their adequacy under Fed. R. Civ. P. 23(a)(4); preparing early document requests pursuant to Fed. R. Civ. P. 26(d)(2); identifying potential testifying experts; sending a Freedom of Information Act Request to the Consumer Product Safety Commission concerning the recent recall referenced in the underlying complaints; and coordinating the transfer and consolidation of four separate matters filed across the country.

STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES

e.  As for the second and third factors, proposed class counsel focus almost exclusively on class action litigation, including product defect litigation that overlaps with CPSC recalls. They have obtained class certification in these types of cases—including in this District—and have reached class settlements that courts have determined were fair, reasonable, and adequate. Current firm resumes for proposed Co-Interim Lead Counsel and for each of the proposed Executive Committee firms are attached as Exhibits 1-5 to this stipulation.

f.  As for the fourth factor, proposed class counsel are well-established, successful law firms that have the resources and personnel necessary to pursue class actions, as they have demonstrated in numerous similar large-scale class actions. The combined resources of plaintiffs' counsel leave no room for doubt about the ability to provide the labor and funds necessary to see this case through trial and appeal if necessary.

g.  If and when the Court approves the leadership structure proposed here, Co-Interim Lead Counsel will establish a protocol for regular time and expense reporting to monitor and manage efficient prosecution of this action and to avoid or minimize duplicative or unnecessary billing.

h.  Generally, the role of Co-Lead Interim Counsel will be to develop and direct the overall litigation strategy; organize and supervise the efforts of the Executive Committee and assign tasks as appropriate; entering into stipulations with opposing counsel as necessary during the litigation; selecting, consulting with, and employing experts; managing discovery; serving as a unified voice for Plaintiffs and putative class members in court proceedings, settlement negotiations, and communications with Defense counsel or third parties.

i.  Generally, the role of the Executive Committee will be to collaborate with Co-Lead Interim Counsel in developing litigation strategies, working on discovery matters, working with expert witnesses, and completing assigned tasks as directed by Co-Lead Interim Counsel.

STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES

Respectfully submitted,

DATED: February 2, 2026          /s/ Joel D. Smith

Joel D. Smith (SBN 244902)
**SMITH KRIVOSHEY P.C.**
867 Boylston Street, 5th Floor, Suite 1520
Boston, MA 02116
Telephone: (617) 377-7404
Email: joel@skclassactions.com

Yeremy Krivoshey (SBN 295032)
Brittany S. Scott (SBN 327132)
**SMITH KRIVOSHEY**
28 Geary Street, Suite 650 #1507
San Francisco, CA 94108
Telephone: (415) 829-7000
Email: yeremy@skclassactions.com

Melissa S. Weiner (*pro hac vice* forthcoming)
Ryan T. Gott (*pro hac vice* forthcoming)
**PEARSON WARSHAW, LLP**
328 Barry Avenue S., Suite 200
Wayzata, Minnesota 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
Emails: mweiner@pwfirm.com
rgott@pwfirm.com

Rachel Soffin (*pro hac vice* forthcoming)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
Email: rsoffin@pwfirm.com

Nick Suciu III (*pro hac vice* forthcoming)
**BRYSON HARRIS SUCIU & DEMAY PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301

5

Telephone: (313) 303-3472
Email: nsuciu@brysonpllc.com

Trenton R. Kashima (SBN 291405)
**BRYSON HARRIS SUCIU & DEMAY PLLC**
402 West Broadway, Suite 1760
San Diego, CA 92101
Telephone: (619) 810-7047
Email: tkashima@brysonpllc.com

Scott C. Harris (*pro hac vice* forthcoming)
**BRYSON HARRIS SUCIU & DEMAY PLLC**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Fax: (919) 600-5035
Email: sharris@brysonpllc.com

Russell Busch (*pro hac vice* forthcoming)
**BRYSON HARRIS SUCIU & DEMAY PLLC**
900 W. Morgan St.
Raleigh, NC 27603
Telephone: (630) 796-0903
Email: rbusch@brysonpllc.com

Brett R. Cohen (SBN 337543)
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 9550
Email: bcohen@leedsbrownlaw.com

Paul J. Doolittle (*pro hac vice* forthcoming)
**POULIN WILLEY ANASTOPOULO**
32 Ann Street

6
STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES

Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: paul.doolittle@poulinwilley.com

*Counsel on Behalf of Plaintiffs*

DATED: February 2, 2026          /s/ Michelle Doolin

Michelle Doolin
**COOLEY LLP**
10265 Science Center Drive
San Diego, CA   92121-1117
Telephone: 858 550 6043
Fax: 858 550 6420
mdoolin@cooley.com

Jeffrey R. Williams (CSB No. 084156)
David W. Kempen (CSB No. 345980)
**RILEY SAFER HOLMES & CANCILA LLP**
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551
jwilliams@rshc-law.com
dkempen@rshc-law.com

*Attorneys for Defendant TTI OUTDOOR POWER EQUIPMENT, INC*

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4 (a)(2)(i)

I attest that all other signatories listed, and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

Dated: February 2, 2026          /s/ Joel D. Smith

STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES