RILEY SAFER HOLMES AND CANCILA LLP
Jeffrey R. Williams (SBN 084156)
  *Jwilliams@rshc-law.com*
Amy C. Andrews (*pro hac forthcoming*)
  *aandrews@rshc-law.com*
Lauren E. Jaffe (*pro hac forthcoming*)
  *ljaffe@rshc-law.com*
456 Montgomery Street 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550

SIDLEY AUSTIN LLP
Michelle C. Doolin (SBN 179445)
  *michelle.doolin@sidley.com*
Judith Shophet Sidkoff (SBN 267048)
  *judith.sidkoff@sidley.com*
12230 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 398-0182
Facsimile: (858) 398-0450

*Attorneys for Defendant*
*TTI Outdoor Power Equipment, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| *In Re: RYOBI Power Washer Litigation*, | Case No. 5:25-cv-02280-MWF(SPx) |
| | **DEFENDANT TTI OUTDOOR POWER EQUIPMENT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CONSOLIDATED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | *[Filed concurrently with Declaration of Sawyer Root, Request for Judicial Notice, and [Proposed] Order]* |
| | Hearing Date: June 15, 2026 |
| | Hearing Time: 10:00 a.m. |
| | Place: Courtroom 5A |
| | Judge: Hon. Michael W. Fitzgerald |
| | Action Filed: September 2, 2025 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 15, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-referenced court, Defendant TTI Outdoor Power Equipment, Inc. ("Defendant" or "TTI") will and hereby does move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(f), 23(c)(1)(A), and 23(d)(1)(D).

This Motion is made on the grounds that:

- Plaintiffs' claims should be dismissed under Rule 12(b)(1) because: (1) Plaintiffs lack Article III standing and the claims are constitutionally moot; (2) Plaintiffs' claims are not ripe for review because Plaintiffs plead no attempt to avail themselves of the ongoing Consumer Protection Safety Commission ("CPSC")-supervised Recall; and (3) Plaintiffs' claims are prudentially moot in light of the ongoing CPSC-supervised Recall.

- Plaintiffs' claims should be dismissed under Rule 12(b)(6) for failure to state a claim because: (1) Plaintiffs fail to plausibly allege TTI's pre-sale knowledge of the alleged defect; (2) Plaintiffs' fraud-based claims, including their omission-based claims, fail to satisfy Rule 9(b) and do not adequately plead any actionable misrepresentation, omission, or reliance; (3) Plaintiffs fail to state viable claims under the Unfair Competition Law, Consumer Legal Remedies Act, False Advertising Law, or other consumer protection statutes; (4) Plaintiffs' tort claims are barred by the economic loss doctrine, and the negligence claim independently fails for lack of any special relationship; (5) Plaintiffs fail to state claims for breach of express or implied warranty, including under the Song-Beverly Consumer Warranty Act, because they do not plead compliance with the warranty's remedial requirements, manifestation within the applicable warranty period, vertical privity where required, or facts showing breach of the actual warranty terms; (6) Plaintiffs' unjust enrichment claim fails because it is not an independent cause of action

i

and is duplicative of Plaintiffs' contract and statutory theories; and (7) Plaintiffs fail to plead facts sufficient to toll any applicable statute of limitations.

- Plaintiffs' class allegations should be dismissed or stricken because: (1) material differences in state laws preclude Plaintiffs' nationwide and multi-state class allegations; (2) Plaintiffs' class definitions are overbroad; and (3) Plaintiffs' express warranty and fraud-based claims are rife with individualized issues not appropriate for class treatment.

This motion is made following the telephonic conference among counsel pursuant to Local Rule 7-3, which occurred on March 23, 2026. The parties were unable to come to an agreement regarding the issues raised herein.

This motion is based upon the supporting Memorandum of Points and Authorities, Declaration of Sawyer Root, Request for Judicial Notice, relevant pleadings and exhibits, any verbal or documentary evidence as may be requested by the Court or presented by the parties, and any oral argument permitted by the Court.

Date: April 2, 2026

RILEY SAFER HOLMES & CANCILA LLP

By: */s/ Jeffrey R. Williams*
    Jeffrey R. Williams
    Amy C. Andrews
    Lauren E. Jaffe

SIDLEY AUSTIN LLP
Michelle C. Doolin
Judith Shophet Sidkoff

*Attorneys for Defendant*
*TTI Outdoor Power Equipment, Inc.*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................1

FACTUAL BACKGROUND......................................................................................2

I.      THE PRODUCTS AND THE RECALL.......................................................2

II.     THE CONSOLIDATED CLASS ACTION COMPLAINT ...........................3

LEGAL STANDARDS ............................................................................................5

ARGUMENT..........................................................................................................7

I.      THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(1).    ................................................................................................7

    A.      Plaintiffs Lack Article III Standing........................................................7

        1.      Plaintiffs Allege No Cognizable Injury, and the Recall Eliminates Any Claimed Harm. ...........................................7

        2.      Plaintiffs Cannot Expand Standing Through Class, State Law, or Product-Based Claims. ..........................................10

    B.      Plaintiffs' Claims Are Not Ripe for Review. ........................................11

    C.      The Recall Remedy Moots Plaintiffs' Claims.......................................12

II.     THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6).    ..............................................................................................14

    A.      Plaintiffs' Fraud-Based Claims Neither Plausibly Allege Pre-Sale Knowledge Nor Satisfy Rule 9(b). ......................................................15

        1.      Plaintiffs Fail to Allege Pre-Sale Knowledge. ...........................15

        2.      Plaintiffs Fail to Plead Fraud with Particularity.......................17

        3.      Plaintiffs Fail to Allege Reliance on Any Misrepresentations. 18

    B.      Plaintiffs' UCL Claim Also Fails Under the "Unlawful" and "Unfair" Prongs. ................................................................................19

    C.      The Economic Loss Doctrine Bars Plaintiffs' Tort Claims. ..............20

    D.      The Negligence Claim Also Fails for Lack of a Special Relationship...................................................................................22

E.    Plaintiffs' Warranty Claims Are Insufficiently Pled...........................22

    1.    The Express Warranty Claims Are Inadequate. ......................22

    2.    Plaintiffs Fail To State Viable Implied Warranty Claims. ......25

    3.    Angelini and Morgan Have Not Stated Claims Under the Song-Beverly Consumer Warranty Act. .............................................27

F.    The Unjust Enrichment Claim Fails. ...................................................29

G.    Morgan's CLRA Damages Claim Fails for Lack of Pre-Suit Notice.... .................................................................................................................30

H.    Plaintiffs Fail to Plead Facts Warranting Tolling...............................31

III.    PLAINTIFFS' CLASS CLAIMS SHOULD BE STRICKEN UNDER RULES 12(B)(6), 12(F), 23(c)(1)(A), AND 23(d)(1)(D)..................................33

A.    Differences in State Laws Preclude Plaintiffs' Nationwide and Multi-State Classes...........................................................................................33

B.    Plaintiffs' Class Definitions are Overbroad. ......................................34

C.    Plaintiffs' Express Warranty and Fraud-Based Claims Are Not Appropriate for Class Treatment.........................................................35

CONCLUSION ................................................................................................35

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. FCA US LLC*,
No. CV 16-4317-JFW, 2016 WL 9136170 (C.D. Cal. Dec. 27, 2016)..............27

*Alexander v. Aura Real Est. Mgmt. – N.Y., LLC*,
No. 23 CV 14416, 2026 WL 207351 (N.D. Ill. Jan. 27, 2026).........................29

*Americopters, LLC v. Fed. Aviation Admin.*,
441 F.3d 726 (9th Cir. 2006) ...............................................................................6

*Anderson v. Owens-Corning Fiberglas Corp.*,
53 Cal. 3d 987 (1991) .........................................................................................22

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...............................................................................................6

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ..............................................................................29

*Astiana v. Kashi Co.*,
291 F.R.D. 493 (S.D. Cal. 2013) ........................................................................31

*Augustine v. United States*,
704 F.2d 1074 (9th Cir. 1983) ..............................................................................6

*Baba v. Hewlett-Packard Co.*,
No. C 09–05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010).....16, 17, 18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...............................................................................................6

*Bettles v. Toyota Motor Corp.*,
645 F. Supp. 3d 978 (C.D. Cal. 2022).................................................................31

*Biscovich v. SharkNinja Operating, LLC*,
--- F. Supp. 3d ---, 2026 WL 657194 (N.D. Cal. Feb. 26, 2026) .......................12

*BMA LLC v. HDR Global Trading Ltd.*,
2021 WL 4061698 (N.D. Cal. Sept. 7, 2021).....................................................20

*Brazil v. Dole Food Co.*,
935 F. Supp. 2d 947 (N.D. Cal. 2013)....................................................18

*Burgos v. Am. Honda Motor Co., Inc.*,
No. 2:23-cv-02128-AB-SK, 2024 WL 2108843 (C.D. Cal. May 7, 2024) ..........................................................................................................27

*Cal-Tech Comm. Inc. v. L.A. Cellular Tel. Col.*,
20 Cal. 4th 163 (1999) ...........................................................................20

*Caracci v. Am. Honda Motor Co., Inc.*,
726 F. Supp. 3d 840 (N.D. Ill. 2024)......................................................23

*Carpenter v. PetSmart, Inc.*,
441 F. Supp. 3d 1028 (S.D. Cal. 2020) ..................................................10

*Cerretti v. Whole Foods Mkt. Grp., Inc.*,
No. 21 CV 5516, 2022 WL 1062793 (N.D. Ill. Apr. 8, 2022) .................21

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) ..................................................................6

*Charlton v. LG Energy Sol. Mich., Inc.*,
No. 3:21-cv-02142-RBM-JLB, 2023 WL 1420726 (S.D. Cal. Jan. 31, 2023) .............................................................................................8, 9, 14

*Cheng v. BMW of N. Am., LLC*,
No. CV 12–09262 GAF, 2013 WL 3940815 (C.D. Cal. July 26, 2013)............13

*Chuang v. Dr. Pepper Snapple Grp., Inc.*,
No. CV 17–01875–MWF, 2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ..........................................................................................................29

*Cleary v. Philip Morris Inc.*,
656 F.3d 511 (7th Cir. 2011) ...................................................................29

*Clemens v. DaimlerChrystler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ...........................................................20, 26

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013)....................................................................................6

*Comes v. Harbor Freight Tools USA, Inc.*,
2021 WL 6618816 (C.D. Cal. Sept. 29, 2021).........................................9

vi

*Cover v. Windsor Surry Co.*,
No. 14-cv-05262-WHO, 2016 WL 520991 (N.D. Cal. Feb. 10, 2016) ............34

*Crown Cell Inc. v. Ecovacs Robotics Inc.*,
No. 21-cv-07890-SI, 2022 WL 4087512 (N.D. Cal. Sept. 6, 2022) ..................24

*Darne v. Ford Motor Co.*,
No. 13 C 03594, 2015 WL 9259455 (N.D. Ill. Dec. 18, 2015)..........................25

*Dawson v. Better Booch, LLC*,
716 F. Supp. 3d 949 (S.D. Cal. 2024) ...............................................................32

*Decker v. Mazda Motor of Am., Inc.*,
2013 WL 12129281 (C.D. Cal. Mar. 29, 2013) .................................................34

*DeHoog v. Anheuser-Busch InBev SA/NV*,
899 F.3d 758 (9th Cir. 2018) .........................................................................9, 26

*Desaigoudar v. Meyercord*,
223 F.3d 1020 (9th Cir. 2000) ...........................................................................17

*Drake v. Honeywell, Inc.*,
797 F.2d 603 (8th Cir. 1986) .............................................................................19

*Eidmann v. Walgreen Co.*,
522 F. Supp. 3d 634 (N.D. Cal. 2021)................................................................19

*Elias v. Hewlett-Packard Co.*,
903 F. Supp. 2d 843 (N.D. Cal. 2012)................................................................28

*Elkins v. Am. Honda Motor Co.*,
No. 8:19-cv-00818-JLS-KES, 2020 WL 4882412 (C.D. Cal. July 20,
2020) .............................................................................................................12, 14

*Finney v. Ford Motor Co.*,
No. 17-cv-06183-JST, 2018 WL 2552266 (N.D. Cal. June 4, 2018) ...............32

*Flores v. Aon Corp.*,
242 N.E.3d 340 (Ill. Ct. App. 2023)..................................................................29

*FMR Corp. v. Boston Edison Co.*,
613 N.E.2d 902 (Mass. 1993)............................................................................21

*Glenn v. Hyundai Motor Am.*,
2016 WL 3621280 (C.D. Cal. June 24, 2016).............................................33, 34

*Graham v. Am. Honda Motor Co.*,
806 F. Supp. 3d 758 (N.D. Ill. 2025)..................................................................27

*Guan v. Mercedez-Benz USA, LLC*,
No. 20-cv-05719-JST, 2022 WL 17089817 (N.D. Cal. May 17, 2022) ............12

*Gubala v. CVS Pharmacy, Inc.*,
No. 14 C 9039, 2015 WL 3777627 (N.D. Ill. June 16, 2015)............................22

*Gutierrez v. Carmax Auto Superstores Cal.*,
248 Cal.Rptr.3d 61 (Cal. App. Ct. 2018).............................................................28

*Harrison v. Mass. Bay Trans. Auth.*,
No. 1884CV02939BLS2, 2020 WL 4347511 (Mass. Super. June 18,
2020) .....................................................................................................................29

*Hawkins v. Shimano N. Am. Bicycle Inc.*,
729 F. Supp. 3d 989 (C.D. Cal. 2024).................................................................24

*Jackson v. Suzuki Motor of Am., Inc.*,
No. 8:23-CV-02189-FWS-JDE, 2024 WL 3914666 (C.D. Cal. July 9,
2024) .....................................................................................................................33

*Johnson v. Nissan N. Am., Inc.*,
272 F. Supp. 3d 1168 (N.D. Cal. 2017)...............................................................10

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .................................................................17, 18, 19

*Kelsey v. Nissan N. Am.*,
No. CV 20-4835 MRW, 2020 WL 4592744 (C.D. Cal. July 15, 2020) ......21, 22

*Khan v. CitiMortgage, Inc.*,
975 F. Supp. 2d 1127 (E.D. Cal. 2013) ...............................................................19

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
350 F.3d 1018 (9th Cir. 2003) .............................................................................10

*Lorentzen v. Kroger Co.*,
532 F. Supp. 3d 901 (C.D. Cal. 2021)..................................................................10

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) ................................................................5

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012), *overruled in part on other grounds by Olean Wholesale Grocery Coop. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) .......................................................................33, 34

*McCabe v. Ford Motor Co.*,
774 F. Supp. 3d 349 (D. Mass. 2025)....................................................23

*McGee v. Mercedes-Benz USA, LLC*,
612 F. Supp. 3d 1051 (S.D. Cal. 2020) .................................................25

*Mocek v. Alfa Leisure, Inc.*,
7 Cal.Rptr.3d 546 (Cal. App. Ct. 2003)................................................28

*Mongalo v. Crocs, Inc.*,
No. 24-CV-09037-TLT, 2025 WL 1725002 (N.D. Cal. June 20, 2025)............32

*Murphy v. DirecTV, Inc.*,
724 F.3d 1218 (9th Cir. 2013) ..............................................................26

*Nemirovsky v. Daikin N. Am.*,
LLC, 177 N.E.3d 901 (Mass. 2021) ......................................................26

*In re Nexus 6P Prods. Liab. Litig.*,
293 F. Supp. 3d 888 (N.D. Cal. 2018)...................................................24

*Noori v. Jaguar Land Rover N. Am., LLC*,
2021 WL 1232450 (C.D. Cal. Apr. 1, 2021)....................................27, 28

*O'Donnell v. Bank of Am., Nat. Ass'n.*,
504 F. App'x 566 (9th Cir. 2013)..........................................................20

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) ..............................................................................................15

*Oh v. Fresh Bellies, Inc.*,
No. 24-5417 PSG, 2024 WL 4500727 (C.D. Cal. Oct. 15, 2024).......10

*Orlak v. Loyola Univ. Health Sys.*,
885 N.E.2d 999 (Ill. 2007).............................................................31, 32

ix

*Paracor Fin., Inc. v. General Elec. Capital Corp.*,
96 F.3d 1151 (9th Cir. 1996) ...............................................................................29

*Patton v. Forest Lab'ys, LLC*,
No. EDCV 17-922-MWF, 2017 WL 10439658 (C.D. Cal. Nov. 1,
2017) ....................................................................................................................30

*Pickens v. Mercedes-Benz USA, LLC*,
No. 20 C 3470, 2021 WL 5050289 (N.D. Ill. Nov. 1, 2021) ............................17

*Portman v. Cty. of Santa Clara*,
995 F.2d 898 (9th Cir. 1993) ...............................................................................11

*Ramirez v. Baxter Credit Union*,
No. 16-CV-03765-SI, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017) ...............32

*Rattagan v. Uber Techs., Inc.*,
17 Cal. 5th 1 (2024) .............................................................................................21

*Robinson Helicopter Co. v. Dana Corp.*,
34 Cal.4th 979 (2004) .....................................................................................20, 21

*Rojas v. Bosch Solar Energy Corp.*,
443 F. Supp. 3d 1060 (N.D. Cal. 2020)................................................................34

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009)..............................................................6, 35

*Santana v. FCA US, LLC*,
270 Cal.Rptr.3d 335 (Cal. Ct. App. 2020)...........................................................21

*Singletary v. Kia Am. Inc.*,
No. SACV 23-01955-CJC, 2024 WL 1431222 (C.D. Cal. Mar. 4,
2024) ..................................................................................................................8, 9

*Skiathitis v. Nyko Techs., Inc.*,
No. CV 18-3584 PSG, 2018 WL 6427360 (C.D. Cal. Sept. 12, 2018)..............27

*Soro v. FCA US, LLC*,
No. 25-cv-02200-GPC-SBC, 2026 WL 473050 (S.D. Cal. Feb. 19,
2026) ....................................................................................................................28

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)................................................................................................7

x

*Stearns v. Select Comfort Retail Corp.*,
No. 08–2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009)..........................20

*Stearns v. Select Comfort Retail Corp.*,
No. 08–2746 JF, 2009 WL 4723366 (N.D. Cal. Dec. 4, 2009).........................35

*Stearns v. Select Comfort Retail Corp.*,
No. 08-2746 JF, 2008 WL 4542967 (N.D. Cal. Oct. 1, 2008)..........................24

*Stockton v. Brown*,
152 F.4th 1124 (9th Cir. 2025)...................................................................11, 12

*Sugasawara v. Ford Motor Co.*,
No. 18-CV-06159-LHK, 2019 WL 3945105 (N.D. Cal. Aug. 21,
2019) ...............................................................................................................9

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009)...........................................................................................7

*Szymanski v. Bos. Mut. Life Ins. Co.*,
778 N.E.2d 16 (Mass. App. Ct. 2002) .......................................................31, 32

*Tabler v. Panera LLC*,
No. 19-CV-01646-LHK, 2020 WL 3544988 (N.D. Cal. June 30,
2020) .............................................................................................................19

*Tao v. Arovast Corp.*,
No. 24-5413, 2025 WL 3552774 (9th Cir., Dec. 11, 2025) .........................11, 12

*Taragan v. Nissan N. Am., Inc.*,
No. C 09-3660 SBA, 2013 WL 3157918 (N.D. Cal. June 20, 2013).................25

*Terpin v. AT And T Mobility LLC*,
118 F.4th 1102 (9th Cir. 2024)........................................................................22

*Thomas v. Anchorage Equal Rights Comm'n*,
220 F.3d 1134 (9th Cir. 2000) (*en banc*).............................................................5

*Tietsworth v. Sears, Roebuck and Co.*,
No. 5:09–CV–00288 JF, 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009)............16

*In re Toyota Motor Corp. Hybrid Brake Mktg.*,
915 F. Supp. 2d 1151 (C.D. Cal. 2013)..............................................................9

*TreeHouse Foods, Inc. v. SunOpta Grains and Foods Inc.*,
No. 18 C 1412, 2019 WL 1429337 (N.D. Ill. Mar. 29, 2019)............................21

*U.S. W. Commc'ns v. MFS Intelenet, Inc.*,
193 F.3d 1112 (9th Cir. 1999) ...........................................................................11

*Vatan v. Porsche Cars N. Am., Inc.*,
No. 2:25-cv-04409-AH-(SSCx), 2026 WL 130577 (C.D. Cal. Jan. 15, 2026) ................................................................................................................23

*Vinci v. Hyundai Motor Am.*,
No. SA CV 17-0997-DOC, 2018 WL 6136828 (C.D. Cal. Apr. 10, 2018) ................................................................................................................33

*Voelker v. Porsche Cars N. Am., Inc.*,
353 F.3d 516 (7th Cir. 2003) .............................................................................26

*Waller v. Hewlett-Packard Co.*,
No. 11cv0454–LAB, 2011 WL 6325972 (S.D. Cal. Dec. 16, 2011) .................30

*Warth v. Seldin*,
422 U.S. 490 (1975).............................................................................................10

*Watkins v. MGA Ent., Inc.*,
550 F. Supp. 3d 815 (N.D. Cal. 2021)....................................................17, 20, 22

*Watkins v. MGA Ent., Inc.*,
574 F. Supp. 3d 747 (N.D. Cal. 2021)..........................................................24, 27

*Webb v. Puffy LLC*,
CV 25-06970-MWF, ECF No. 32 (C.D. Cal. Dec. 2, 2025) (Fitzgerald, J.)...................................................................................................35

*Wildwest Inst. v. Kurth*,
855 F.3d 995 (9th Cir. 2017) ...............................................................................7

*Williams v. Tesla, Inc.*,
No. 20-cv-08208-HSG, 2022 WL 899847 (N.D. Cal. Mar. 28, 2022) .......*passim*

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) .....................................................................15, 16

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023)................................................................................10

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

*Winzler v. Toyota Motor Sales USA, Inc.*,
    681 F.3d 1208 (10th Cir. 2012) ....................................................................13, 14

*Yumul v. Smart Balance, Inc.*,
    733 F. Supp. 2d 1117 (C.D. Cal. 2010) ..............................................................32

**Statutes**

15 U.S.C. § 2064 .................................................................................................13

735 Ill. Comp. Stat. 5/13-205) ............................................................................32

815 Ill. Comp. Stat. 505/10a(e) ..........................................................................32

Cal. Civ. Code § 1782(a) ....................................................................................30

Cal. Civ. Code § 1783 .........................................................................................32

Cal. Civ. Code § 1791.1(c) .................................................................................28

Cal. Civ. Code § 1793.2(b) .................................................................................28

Cal. Civ. Proc. Code § 338(d) .............................................................................32

Cal. Civ. Proc. Code § 339(1) .............................................................................32

Cal. Com. Code § 2725 .......................................................................................32

Mass. Gen. Laws ch. 106, § 2-725 .....................................................................32

Mass. Gen. Laws ch. 260, § 2A ..........................................................................32

Mass. Gen. Laws ch. 260, § 5A ..........................................................................32

**Other Authorities**

16 C.F.R. § 1115.4 ..............................................................................................19

16 C.F.R. § 1115.6 ..............................................................................................19

16 C.F.R. § 1115.20(a) ..................................................................................12, 14

16 C.F.R. § 1115.20(a)(1)(vi)-(a)(3) ..................................................................13

Fed. R. Civ. P. 9(b) ......................................................................................*passim*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

Fed. R. Civ. P. 12(b)(1) ..................................................................................5, 7

Fed. R. Civ. P. 12(b)(6) ................................................................................6, 14

Fed. R. Civ. P. 12(f) ..........................................................................................6

Fed. R. Civ. P. 23 ..............................................................................................6

Fed. R. Civ. P. 23(c)(1)(A) ...............................................................................6

Fed. R. Civ. P. 23(d)(1)(D) ...............................................................................6

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### <u>INTRODUCTION</u>

This case challenges the adequacy of a product recall that Plaintiffs never attempted to use.  Having bypassed the remedy available to them, they now ask this Court to invalidate it through a sprawling nationwide class action.

Defendant TTI Outdoor Power Equipment, Inc. ("TTI" or "Defendant") voluntarily recalled certain Ryobi-branded pressure washers (the "Recall") in coordination with and under the direct supervision of the Consumer Product Safety Commission ("CPSC").  The Recall—which remains ongoing—provides owners with a free, easy-to-install replacement kit designed to safely and fully address the identified issue.  Yet not one of the named plaintiffs alleges that they attempted to participate in the Recall or request the replacement kit.  Three of the four never even experienced the alleged defect. And none seeks damages for personal injury or property damage. Instead, Plaintiffs filed this putative class action to challenge, in the abstract, a remedy they chose not to pursue.

That posture is fatal to their claims.  Plaintiffs cannot manufacture standing in the absence of an actual injury.  Nor can they establish ripeness by asking this Court to adjudicate the sufficiency of a recall program they deliberately circumvented—particularly where that program offers a fulsome remedy and renders judicial intervention unwarranted.

Beyond these jurisdictional defects, the consolidated complaint also fails on the merits.  Plaintiffs do not plausibly allege TTI's pre-sale knowledge of the alleged defect. They do not identify any actionable representation with the specificity required by Rule 9(b), relying instead on generalized assertions that TTI marketed its pressure washers as suitable for their intended purpose.  The Complaint is likewise stymied by the economic loss doctrine, as well as the absence of any reliance, special relationship, privity, pursuit of warranty, or breach of actual terms of warranty.  Because of the futility of Plaintiffs' jurisdictional and substantive arguments, TTI respectfully requests

1

that this case be dismissed without leave to amend.

## FACTUAL BACKGROUND

## I.    THE PRODUCTS AND THE RECALL

TTI designs and sells Ryobi-branded electric pressure washers, including the (1) RY142300 Electric 2300 PSI Pressure Washer; (2) RY142300VNM Electric 2300 PSI Pressure Washer; and (3) RY1427111VNM Electric 2700 PSI Pressure Washer (collectively, the "Products"). (ECF No. 25 ("Compl.") ¶¶ 1-2, 53.) The Products were sold nationwide through Home Depot, an authorized dealer of Ryobi products, and Direct Tools Factory Outlet from approximately July 2017 through June 2024, for approximately $300 to $400. (*Id.* ¶ 58).

On August 28, 2025, in cooperation with the CPSC and in an abundance of caution due to a rare risk of the Products' capacitors overheating and bursting, TTI announced a voluntary recall of the Products. (*Id.* ¶¶ 53, 68, 76; *see also* Root Dec. Ex. C (hereinafter referred to as "CPSC Recall Webpage").[1] The Recall provides a fulsome, convenient remedy: rather than requiring consumers to locate and transport their Products to an authorized repair center, the Recall provides consumers with a free repair kit consisting of a replacement capacitor, along with installation instructions—without asking for any proof of purchase. (Compl. ¶ 172; *see also* CPSC Recall Webpage, Root Dec. Ex. C; Root Dec. ¶ 7). The Recall remedy was submitted to and approved by the CPSC, the federal agency responsible for overseeing product safety recalls and ensuring that recalling entities provide acceptable remedies to consumers. (*See* CPSC Recall Webpage, Root Dec. Ex. C; Root Dec. ¶ 8). The Complaint does not allege that any named Plaintiff participated in the Recall, requested or received a replacement kit, attempted to install the replacement capacitor, or personally experienced any issue with the Recall remedy.

---

[1] The CPSC Recall Webpage is incorporated into the Complaint by reference because the Complaint refers to and relies on it, and its authenticity is not disputed. *See* Compl. ¶ 3 n.2; Def.'s Req. for Judicial Notice 2-5; Root Dec. ¶ 4; Root Dec. Ex. C.

Plaintiffs allege that, on September 18, 2025, they provided TTI with "notice of the breach of express and implied warranties via service upon Defendant's registered agents of service." (Compl. ¶ 21).   Plaintiffs do not allege, however, on whose behalf that notice was sent, which claims or warranties it purported to address, or whether it was intended to satisfy any particular plaintiff's pre-suit notice obligation.   Nor do Plaintiffs allege that they made any warranty claims or otherwise sought relief under the limited warranty.[2]   Plaintiffs likewise do not allege that they participated in the Recall.

## II.      THE CONSOLIDATED CLASS ACTION COMPLAINT

On March 3, 2026, Plaintiffs Ken Angelini ("Angelini"), Keith Custer ("Custer"), Darryl Hicks ("Hicks"), and Lauren Morgan ("Morgan") filed their Consolidated Class Action Complaint, on behalf of themselves and multiple putative classes of consumers (the "Complaint"), among them: a Nationwide Class; a Multi-State Consumer Protection Class; and a Multi-State Implied Warranty Class.   (*Id*. ¶¶ 155-57).   Angelini and Morgan further bring this action as a representative of a California Class; Hicks brings this action as a representative of an Illinois Class; and Custer brings this action as a representative of a Massachusetts Class.   (*Id.* ¶¶ 155-61).   The Complaint alleges the following facts regarding each named Plaintiff's experience with the Products:

- **Ken Angelini**: In the summer of 2023, Angelini purchased a Ryobi RY142300 electric pressure washer from a Home Depot store in California.   (*Id.* ¶ 28). According to Angelini, in May 2025, "the capacitor burst when the product was in use."   (*Id.* ¶ 30).   While he allegedly injured one of his fingers as a result, the Complaint expressly states that "he is not currently pursuing personal injury claims[.]"   (*Id.*).   Angelini allegedly contacted TTI about the incident, but he

---

[2] *See* RY142300 – Electric 2300 PSI Pressure Washer Operator's Manual, Root Dec. Ex. A (hereinafter referred to as "Operator's Manual"), at 17.  The Operator's Manual is incorporated into the Complaint by reference because the Complaint refers to and relies on it, and its authenticity is not disputed.  *See* Compl. ¶ 60 n.5; Def.'s Req. for Judicial Notice 2-5; Root Dec. ¶ 2; Root Dec. Ex. A.

3

does not specify when, how, to whom he spoke, or whether he sought service through an Authorized Service Center.  (*Id.* ¶ 31).

- **<u>Keith Custer</u>**: In 2020, Custer purchased a Ryobi RY142300 electric pressure washer from a Home Depot store in Massachusetts.  (*Id.* ¶ 35).  The Complaint does not allege that his unit suffered from the alleged defect.  (*Id.* ¶¶ 34-38).

- **<u>Darryl Hicks</u>**: In the summer of 2024, Hicks purchased a Ryobi RY142711VNM electric pressure washer from a Home Depot store in Illinois.  (*Id.* ¶ 41).  Hicks alleges that his "pressure washer . . . sparked when plugged in," without any accompanying allegations regarding the capacitor overheating or bursting.  (*Id.* ¶ 42).

- **<u>Lauren Morgan</u>:** On approximately April 25, 2023, Morgan purchased a Ryobi RY142300 electric pressure washer from Home Depot's website, which she alleges "did not run smoothly and would shut off by itself."  (*Id.* ¶¶ 47-48).

Three of the four Plaintiffs did not allege experiencing the alleged hazard described in the Recall.  (*Id.* ¶¶ 27-50; Root Dec. ¶ 5).  None alleges any resulting injury or property damage for which they are seeking relief, or the incurrence of out-of-pocket repair costs, replacement costs, or other post-purchase expenses.  (*Id.*).  None alleges having submitted a warranty claim or participating in the Recall.  (*See id.*)

Plaintiffs contend that they relied on TTI's "representations that the Products would be safe to use as intended," which purportedly appeared in marketing materials, websites, product packaging, manuals, and labeling.  (*Id.* ¶¶ 14, 29, 36, 40, 46, 147-152).[3]  They also allege that, had they known about the alleged defect at the time of purchase, they would not have purchased the units or would have paid less for them.  (*Id.* ¶ 20).  The Complaint does not identify any specific statements that each Plaintiff relied upon or how those statements were false when made.

---

[3] Plaintiffs individually allege only having reviewed the Product's "labeling and packaging" prior to purchase, without more.  (Compl. ¶¶ 29, 36, 40, 46.)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

Plaintiffs further allege that TTI knew or should have known of the alleged defect as early as 2017 (when the Products were first made available for sale) by virtue of being a manufacturer; based on unspecified "internal testing, data, and surveys," (*id.* ¶ 181), unidentified incident reports allegedly dated from 2017 (*id.* ¶ 75), three consumer complaints dated March 29, 2023 to January 16, 2025 (*id*. ¶ 64), and the Recall itself.  (*Id.* ¶¶ 204, 305).

Throughout the Complaint, Plaintiffs challenge the adequacy of the CPSC-approved Recall, asserting without support that TTI should provide refunds and that "the Recall replacement part requires the handling of dangerous capacitors that can cause injury or death."  (*Id.* ¶¶ 7, 9, 87-88, 172, 273).  There are no allegations that the Recall remedy caused harm to Plaintiffs, or anyone else.

Plaintiffs seek damages and/or equitable relief for the following claims: (1) common law fraud; (2) negligent misrepresentation; (3) unjust enrichment; (4) negligence; (5) breach of express warranty; (6) breach of implied warranty of merchantability; (7) violation of state consumer protection statutes; (8) violation of the Song-Beverly Consumer Warranty Act; (9) violations of California's Unfair Competition Law; (10) violations of California's False Advertising Law; (11) violations of California's Consumer Legal Remedies Act; (12) violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act; and (13) violations of Mass. Gen. Law Chapter 93A.  (*Id.* ¶¶ 173-437).

## LEGAL STANDARDS

Under Rule 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  As a threshold matter, Plaintiff must demonstrate a live "case or controversy" to establish Article III standing and invoke the jurisdiction of federal courts.  *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138-39 (9th Cir. 2000) (*en banc*).  Consequently, a "lack of Article III standing requires dismissal for lack of subject matter jurisdiction." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (emphasis omitted).  When the Court

is presented with a challenge to its subject matter jurisdiction, "[n]o presumptive truthfulness attaches to [a] plaintiff's allegations." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (quotation omitted). And, in resolving such a motion, the Court may look beyond the pleadings and consider affidavits, declarations, and other outside materials. *See Americopters, LLC v. Fed. Aviation Admin.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010).

Under Rule 12(b)(6), a case may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard goes beyond a mere probability requirement, demanding "more than a sheer possibility that a defendant acted unlawfully." *Id*.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A class action is an exception to the general rule that disputes are litigated on an individual basis. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). Rule 23 therefore directs courts to consider the issue of class certification "[a]t an early practicable time" and, when appropriate, to "require that the pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(c)(1)(A), 23(d)(1)(D). Under Rules 23(c)(1)(A) and 23(d)(1)(D), this Court may strike class allegations prior to discovery "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (striking class allegations where the proposed class included individuals who did not purchase the product, did not see or were not deceived by disputed materials, and who

6

suffered no damages).

## ARGUMENT

## I.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(1).

Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). At the outset, Plaintiffs fail to demonstrate any concrete, particularized, and actual injury, as necessary for establishing standing. Even if Plaintiffs could articulate a cognizable injury (which they cannot), their claims are not ripe for judicial review because they rest on speculative, contingent, and hypothetical future events, not a present, legally cognizable dispute that is redressable by this Court.  Moreover, the available recall remedy renders Plaintiffs' claims moot.

### A.   Plaintiffs Lack Article III Standing.

Plaintiffs' claims must be dismissed for lack of standing because they allege no concrete or cognizable injury-in-fact.  Indeed, any purported harm is foreclosed by the recall remedy.   Plaintiffs' attempt to manufacture standing by relying on class allegations, state-law theories, or Products they never purchased also fails.

#### 1.   Plaintiffs Allege No Cognizable Injury, and the Recall Eliminates Any Claimed Harm.

Article III standing requires that a plaintiff allege a concrete, particularized injury traceable to a defendant's conduct that can be redressed through the courts.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016).  A plaintiff seeking injunctive relief must show an "actual and imminent, not conjectural or hypothetical" threat of injury. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).  A claim is moot under Article III when it has already been redressed, such that there is no longer a live case or controversy.  *Wildwest Inst. v. Kurth*, 855 F.3d 995, 1002 (9th Cir. 2017).

Plaintiffs cannot satisfy these requirements.  Three of the four Plaintiffs do not allege that they experienced the purported defect, *i.e.* a capacitor that overheats and bursts, ejecting parts and posing a risk of injury.  (Compl. ¶¶ 3, 27-50; Root Dec. ¶ 5).

7

Custer alleges no issues with his unit at all.  (Compl. ¶¶ 34-38).  Morgan claims only that the product "did not run smoothly and would shut off," and Hicks alleges only that his unit "sparked when plugged in."  (*Id.* ¶ 42, 48).  But those allegations are not the recalled defect or hazard forming the basis of their claims—an overheating capacitor that can burst—and therefore cannot establish injury-in-fact.  (Root Dec. ¶ 5); *Singletary v. Kia Am. Inc.*, No. SACV 23-01955-CJC,  2024 WL 1431222, at *2 (C.D. Cal. Mar. 4, 2024) (explaining that a plaintiff lacked standing because she did not allege that the defect manifested in the product she owned, thus there was "no indication or reason to believe the she ever will be personally impacted by the defect.").

Moreover, the Complaint does not allege that Plaintiffs suffered any compensable injury or property damage from the alleged defect.  Although Angelini alleges that his unit malfunctioned and injured his finger, he expressly disclaims any personal injury damages.  (*Id.* ¶ 30).  Nor do Plaintiffs allege any post-purchase costs attributable to the alleged defect prior to the Recall.  Instead, Plaintiffs' theory of injury is simply that they "would not have purchased" or "would have paid less for" the Products had they known of the defect.  (*Id.* ¶¶ 20, 32, 37, 43, 49, 81).

Even assuming these allegations were sufficient (they are not), the Recall fully redresses the asserted injury by providing consumers with a replacement part that eliminates the alleged defect—giving them the functioning Product they bargained for. The replacement capacitor is shipped directly to consumers at no cost, eliminating the need to deliver the cumbersome power washers to an authorized repair facility.  (Root Dec. ¶ 7).  The repair can be completed safely at home in approximately two minutes (it is similar to swapping out a battery), fully resolving the issue and allowing for immediate use.  *Id.*; *see also Charlton v. LG Energy Sol. Mich., Inc.*, No. 3:21-cv-02142-RBM-JLB, 2023 WL 1420726, at *4 (S.D. Cal. Jan. 31, 2023) (no standing where "[CPSC] recall program already address[ed] . . . the alleged battery defect (and the alleged harm flowing from the defect) on which [Plaintiff] base[d] all of his claims").  Plaintiffs were not injured by the Recall's replacement remedy, and any

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

speculation about the remedy's safety is baseless.  (Root Dec. ¶¶ 7-8); *see also DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 765 (9th Cir. 2018) (speculation about risks of unrealized events "stops short of the line between possibility and plausibility of entitlement to relief").

Critically, Plaintiffs' own decision not to pursue the Recall remedy defeats their purported claims.  Because the CPSC-approved Recall would provide Plaintiffs "precisely what they bargained for" (*i.e.*, a non-defective Product), they have no claims against TTI.  *See In re Toyota Motor Corp. Hybrid Brake Mktg.*, 915 F. Supp. 2d 1151, 1156-59 (C.D. Cal. 2013) (dismissing suit for lack of standing where recall remedied purported defect);  *Singletary*, 2024 WL 1431222, at *2-3 (explaining that a plaintiff cannot show any economic loss when they did not experience the alleged defect and were offered a free repair); *Comes v. Harbor Freight Tools USA, Inc.*, 2021 WL 6618816, at *5 (C.D. Cal. Sept. 29, 2021) (any "injury is traceable not to [TTI's] wrongdoing but rather to [Plaintiffs'] own choice not to pursue the recall remedy"); *Sugasawara v. Ford Motor Co.*, No. 18-CV-06159-LHK, 2019 WL 3945105, at *6-7 (N.D. Cal. Aug. 21, 2019) (because "post-recall remedy Vehicles perform as they would without the Defect," plaintiff was "without a concrete injury that is fairly traceable to Ford's alleged wrongdoing").

To the extent Plaintiffs seek injunctive relief,[4] the Recall already addresses any risk of future harm.  *See Charlton*, 2023 WL 1420726, at *2, 5.  Further, Plaintiffs do not allege that they would purchase the Products again—nor could they, since TTI no longer sells them.

---

[4] While the Prayer is less express, elsewhere in the Complaint Plaintiffs "seek classwide injunctive relief, including: (i) a state-of-the-art notice program for the dissemination of a factually accurate recall notice for the Products; (ii) the implementation of a corrective advertising campaign to better alert consumers to the dangers of the Defect; (iii) an offer to replace the Products with a reasonable and safe product; and/or (iv) a full refund for the purchase price of the Products."  (*Id.* ¶ 21).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

**2.    Plaintiffs Cannot Expand Standing Through Class, State Law, or Product-Based Claims.**

Plaintiffs' attempt to proceed on behalf of a nationwide class does not cure their standing deficiencies, since they cannot "piggy-back" on the injuries allegedly suffered by absent class members. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class."); *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523-25 (9th Cir. 2023) (plaintiffs lacked standing where they could not allege that they were injured personally).

This principle also forecloses Plaintiffs' attempt to assert claims under the laws of states where no named plaintiff resides or purchased a product. In a putative class action, at least one named plaintiff must have standing for each claim asserted. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (citation omitted). Courts therefore routinely dismiss state-law claims where no plaintiff is tied to the relevant state. *See, e.g.*, *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1038-39 (S.D. Cal. 2020); *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1174–76 (N.D. Cal. 2017). Here, Plaintiffs purport to assert claims on behalf of a nationwide class, yet only three states—California, Illinois, and Massachusetts—are represented. Claims under the laws of all other states should be dismissed.

The same pleading defect applies at the product level. Plaintiffs cannot assert claims based on products they did not purchase, as standing must exist for each claim and each product at issue. *See Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908-09 (C.D. Cal. 2021); *Oh v. Fresh Bellies, Inc.*, No. 24-5417 PSG (JPRx), 2024 WL 4500727, at *4 (C.D. Cal. Oct. 15, 2024). Here, Angelini, Custer, and Morgan purchased the RY142300 model, and Hicks purchased the RY142711VNM model. (Compl. ¶¶ 28, 35, 41, 47). None purchased the RY142300VNM model, yet Plaintiffs seek to assert claims based thereon. Those claims should be dismissed, and each Plaintiff's claims limited to the specific product he or she purchased.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

## B.    Plaintiffs' Claims Are Not Ripe for Review.

Plaintiffs do not allege that they sought to participate in the Recall that is foundational to their claims. (*See, e.g.*, Compl. ¶¶ 14, 22, 27-50).  They cannot make speculative allegations about its efficacy without availing themselves of the process. The doctrine of prudential ripeness "focuses on whether there is an adequate record upon which to base effective review." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 902-03 (9th Cir. 1993).[5]    In evaluating prudential ripeness, courts weigh two considerations: "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Stockton v. Brown*, 152 F.4th 1124, 1149 (9th Cir. 2025) (citation omitted).  "A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final." *U.S. W. Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999) (citation omitted).  "To meet the hardship requirement, a litigant must show that withholding review would result in direct and immediate hardship and would entail more than possible financial loss." *Id.* (internal citations omitted).

The Ninth Circuit's recent decision in *Tao v. Arovast Corp.*, No. 24-5413, 2025 WL 3552774 (9th Cir., Dec. 11, 2025) is directly on point.  There, plaintiff brought a putative class action challenging allegedly defective products subject to a CPSC-supervised recall, as well as the adequacy of the recall itself, but had "not attempted to take advantage of" the recall remedy. *Id.* at *2.  The Ninth Circuit held the claims were prudentially unripe, explaining that key facts remained undeveloped as to "whether Plaintiff's claims would be resolved if and when he avail[ed] himself of the CPSC recall," and that any hardship from withholding review would be purely financial. *Id.*

The same result is required here.  *First*, the claims are not fit for adjudication because Plaintiffs have pled no attempt to obtain the Recall remedy nor plausibly alleged that the replacement remedy is insufficient to make them whole; there are still

---

[5] Ripeness has both constitutional and prudential components.  The former is closely tied to standing; the latter is the focus here.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

too many "unknown facts" regarding whether the Recall will fully resolve their claims. *See id.* (internal citation omitted); *Biscovich v. SharkNinja Operating, LLC,* --- F. Supp. 3d ---, 2026 WL 657194, at *3 (N.D. Cal. Feb. 26, 2026) (dismissing plaintiff's claims as unripe where plaintiff had "not participated in the ongoing recall of the Pressure Cookers" products, relying on *Tao*).  Plaintiffs speculate that the repair may be unsafe, without identifying a single instance in which the repair caused harm to Plaintiffs or to anyone else.  (*See, e.g.*, Compl. ¶¶ 7, 9, 87-88).  Indeed, Plaintiffs lack any personal knowledge regarding the safety or effectiveness of the repair remedy—which was necessarily vetted and approved by the CPSC.  *See* 16 C.F.R. § 1115.20(a) (requiring that the CPSC must approve of a proffered remedy prior to any recall announcement); (Root Dec. ¶¶ 7-8).  Claims based on such "hypothetical, future" events are not ripe for adjudication and should be dismissed.  *Stockton*, 152 F.4th at 1149-50.

*Second*, withholding judicial review until Plaintiffs attempt to utilize the Recall would not impose any direct or immediate hardship.  Plaintiffs have pled no ongoing injury that requires immediate judicial intervention; at most, they claim a potential economic loss.  Courts consistently hold that such financial concerns do not satisfy the hardship requirement for prudential ripeness.  *See Tao*, 2025 WL 3552774, at *2 (prong not satisfied where purported hardship was merely financial); *Biscovich*, 2026 WL 657194, at *3 (same); *Guan v. Mercedez-Benz USA, LLC*, No. 20-cv-05719-JST, 2022 WL 17089817, at *5 (N.D. Cal. May 17, 2022) (finding that the plaintiff had not shown that dismissal would entail more than possible financial loss); *Elkins v. Am. Honda Motor Co.*, No. 8:19-cv-00818-JLS-KES, 2020 WL 4882412, at *6 (C.D. Cal. July 20, 2020) (same).  Accordingly, Plaintiffs' claims are not ripe.

## C. The Recall Remedy Moots Plaintiffs' Claims.

Plaintiffs' claims also warrant dismissal as prudentially moot because the CPSC-supervised Recall already provides full relief.  "Under the doctrine of prudential mootness, there are circumstances under which a controversy, not constitutionally moot, is so 'attenuated that considerations of prudence and comity for coordinate

12

branches of government counsel to stay its hand, and to withhold relief it has the power to grant.'" *Cheng v. BMW of N. Am., LLC*, No. CV 12–09262 GAF, 2013 WL 3940815, at *2 (C.D. Cal. July 26, 2013) (citation omitted).  The central inquiry in determining if the prudential mootness doctrine applies is whether "circumstances [have] changed since the beginning of the litigation that forestall any occasion for meaningful relief." *Id.*  As then-Judge Neil Gorsuch reasoned: "While deciding the lawsuit might once have had practical importance, given the assurances of relief from some other department of government it doesn't any longer." *Winzler v. Toyota Motor Sales USA, Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012) (dismissing case as moot after defendant announced recall offering to repair defective product).

Such circumstances are present here.  TTI announced the voluntary Recall on August 28, 2025, and it remains ongoing; the Products fall within its scope.  (Compl. ¶ 76; *see also* CPSC Recall Webpage, Root Dec. Ex. C).  TTI has subjected itself to the CPSC's continuing oversight.  *See, e.g.*, 15 U.S.C. § 2064 (establishing CPSC authority to regulate consumer products, rules, and recalls).  Indeed, every aspect of the Recall—from the language and dissemination of the notice to the offered remedy—requires CPSC approval.  *See id.* § 2064(d), (e), (i); *see also* 16 C.F.R. § 1115.20(a)(1)(vi)-(a)(3) (empowering CPSC to approve or reject corrective action plan, including any "repairs or replacements," and to "[t]ake any other action necessary to insure [sic] that the plan is adequate").  Consistent with those requirements, the Recall provides consumers with a free replacement capacitor and installation instructions designed to eliminate the alleged defect.[6]  (*See* CPSC Recall Webpage, Root Dec. Ex. C).  This remedy—the safety of which was evaluated by the CPSC—is more convenient and efficient than requiring warranty repairs through authorized repair centers.  (Root Dec. ¶¶ 7-8).  The

---

[6] TTI Outdoor Power Equipment Recalls RYOBI Pressure Washers Due to Projectile Hazard; Risk of Serious Injury, CPSC, https://www.cpsc.gov/Recalls/2025/TTI-Outdoor-Power-Equipment-Recalls-RYOBI-Pressure-Washers-Due-to-Projectile-Hazard-Risk-of-Serious-Injury (last accessed on March 12, 2026).

relief Plaintiffs seek—including a recall notice program and a remedy (Compl. ¶ 21)—has already been provided under the CPSC's direct supervision. *See also* 16 C.F.R. § 1115.20(a) ("[CPSC] reserves the right to seek broader corrective action if it becomes aware of new facts or if the corrective action plan does not sufficiently protect the public."). To the extent Plaintiffs insist on a refund rather than a repair, differences between the remedies available under a recall and those obtained through litigation cannot justify judicial duplication of "ongoing efforts by a coordinate branch." *Winzler*, 681 F.3d at 1215; *see also Charlton*, 2023 WL 1420726, at *5 ("Plaintiff has not adequately pled how Defendant's recall program is insufficient, and Plaintiff cannot elect his preferred remedy"). Given the futility of Plaintiffs' jurisdictional allegations, the Complaint should be dismissed without leave to amend. *See Elkins*, 2020 WL 4882412, at *6 (finding leave to amend futile where the facts required development, not merely that the plaintiff needed to allege additional facts).

## II. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6).

Even assuming Plaintiffs could show an actual and immediate injury, they fail to state a legally cognizable claim. Plaintiffs' fraud allegations are devoid of facts demonstrating that TTI was aware of the defect before Plaintiffs purchased their Products. Plaintiffs likewise fail to plead any actionable misrepresentation or omission on which they allegedly relied to purchase their Products, falling far short of Rule 9(b)'s heightened pleading requirements. Plaintiffs' UCL claims fail on all three prongs; their tort claims are barred by the economic loss doctrine; and their negligence claim independently fails due to the absence of any special relationship between the parties.

Plaintiffs' remaining claims similarly falter. Their express warranty claim identifies no language covering the alleged design defect, and alleges neither reliance, manifestation within the warranty period, nor any attempt to seek warranty repairs. Their implied-warranty claim fails for lack of privity with TTI. Plaintiffs' unjust enrichment claim cannot survive on its own. And Plaintiffs' CLRA claim is barred for

14

failure to comply with mandatory pre-suit notice requirements.  Plaintiffs have failed to plead facts warranting tolling of any statute of limitations.  Accordingly, the Complaint must be dismissed.

### A.     Plaintiffs' Fraud-Based Claims Neither Plausibly Allege Pre-Sale Knowledge Nor Satisfy Rule 9(b).[7]

#### 1.     Plaintiffs Fail to Allege Pre-Sale Knowledge.

The Complaint does not plausibly allege that TTI knew of the defect before any Plaintiff purchased a Product—an essential element of their fraud-based claims.  *See Williams v. Tesla, Inc.*, No. 20-cv-08208-HSG, 2022 WL 899847, at *5 (N.D. Cal. Mar. 28, 2022) (plaintiff must "plausibly allege [the defendant] had pre-sale knowledge of the alleged defect"); *see also Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) ("Plaintiffs must allege [defendant]'s knowledge of a defect to succeed on their claims of deceptive practices and fraud.").

Plaintiffs' knowledge theory is nothing more than a stack of vague conclusions: general assertions that TTI designed and manufactured the products, references to unspecified "internal testing, data and surveys," unidentified complaints, three CPSC consumer complaints from 2023-2025, and a later recall.  (Compl. ¶¶ 13, 64, 73-76, 181, 204, 305).  But Plaintiffs cannot "simply list[] general sources of information then assert[] that they must have put [TTI] on notice, without offering any details about these records or explaining how they would have revealed the alleged defect." *Williams*, 2022 WL 899847, at *4.

Pre-sale knowledge cannot be fabricated simply from TTI's role as manufacturer. (Compl. ¶¶ 53-55, 73-75, 119-122); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008) (allegation that defendant had "exclusive knowledge as the

---

[7] Plaintiffs' deficient fraud-based claims include common law fraud (Count I); negligent misrepresentation (Count II); state consumer protection statutes (Count VII); California UCL, FAL, and CLRA (Counts IX-XI); Illinois Consumer Fraud and Deceptive Practices Act (Count XII); and Massachusetts Chapter 93A (XIII).

manufacturer" did not support claim that it was aware of a defect), *aff'd*, 322 F. App'x 489 (9th Cir. 2009); *Wilson*, 668 F.3d at 1146-47 (rejecting speculative claim that manufacturer's "access to aggregate information and data" established notice of defect); *see also Tietsworth v. Sears, Roebuck and Co.*, No. 5:09–CV–00288 JF, 2009 WL 3320486, at \*4 (N.D. Cal. Oct. 13, 2009) (holding as conclusory the allegation that defendants were in a "superior position to know the truth about the [product]").

The "testing" allegations fare no better. Plaintiffs repeatedly allege, without more, that TTI knew (or should have known) of the alleged defect through generic "internal testing, data and surveys." (Compl. ¶¶ 181, 204, 237, 305). But they never identify what testing occurred, when it occurred, which model was tested, what the results were, or why any particular test would have revealed the specific overheating capacitor hazard before Plaintiffs purchased the Products. They are similarly silent on what precise data or surveys give rise to TTI's purported knowledge. *See Williams*, 2022 WL 899847, at \*4 (plaintiff needs to do more than allege that manufacturers perform pre-sale testing to adequately allege knowledge); *Wilson*, 668 F.3d at 1147 (alleging that manufacturer had "'access to the aggregate information and data regarding the risk of overheating' is speculative and does not suggest how any tests or information could have alerted [defendant] to the defect").

The alleged consumer complaints do not bridge the gap. The reports to the CPSC dated March 29, 2023, October 7, 2024, and January 16, 2025, respectively, cannot plausibly establish pre-sale knowledge "since at least 2017." (Compl. ¶¶ 64, 121, 133, 271, 407). They certainly do not establish pre-sale knowledge for Custer's 2020 purchase. (*Id.* ¶ 35). As to Morgan's April 25, 2023 purchase, the Complaint identifies a single complaint predating that purchase, which is insufficient to establish pre-sale knowledge here. (*Id.* ¶¶ 47, 64). The complaints referenced in the Recall notice (associated with only 0.017% of products in the field over 7 years) also fall short, since the Complaint alleges no supporting details about internal complaint volume before the relevant purchases. *See Baba v. Hewlett-Packard Co.*, No. C 09–05946 RS, 2010 WL

16

2486353, at *5 (N.D. Cal. June 16, 2010) (finding that undated anecdotal complaints "shed no light on when [defendant] knew of the alleged defects"); (*cf.* Compl. ¶¶ 75, 271) (pleading on "information and belief" that TTI had received complaints in 2017).

The Recall likewise does not relieve Plaintiffs of their pleading burden. The Complaint repeatedly and inappropriately treats the August 2025 Recall as retrospective proof that TII knew of the alleged defect "since at least 2017." (Compl. ¶¶ 121, 181, 407). But *Williams* squarely rejected reliance on post-purchase events, including a recall, as proof of earlier knowledge. 2022 WL 899847, at *4; *see also Pickens v. Mercedes-Benz USA, LLC*, No. 20 C 3470, 2021 WL 5050289, at *4 (N.D. Ill. Nov. 1, 2021) (dismissing fraud claims in part because a recall cannot support allegations that defendant had knowledge of a defect if plaintiff purchased product prior to the recall). The same reasoning applies here.

### 2. Plaintiffs Fail to Plead Fraud with Particularity.

Plaintiffs' loud refrain that TTI made misrepresentations through marketing, websites, packaging, manuals, and labeling cannot drown out Rule 9(b)'s heightened pleading standard, which requires that they state with particularity "the circumstances constituting fraud or mistake." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000). "To satisfy the rule, a plaintiff must allege the 'who, what, where, when, and how' of the charged misconduct." *Baba*, 2010 WL 2486353, at *2. And where UCL and CLRA claims are grounded in misrepresentation or omission, Rule 9(b) applies. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009); *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 832-35 (N.D. Cal. 2021).

Beyond sweeping generalizations, Plaintiffs do not identify any actual statement each Plaintiff saw, when they each saw it, where it appeared, or why it was false when made. (Compl. ¶¶ 147-153); *see Baba*, 2010 WL 2486353, at *4 (rejecting similar allegations that failed to specify when or where statements were made or how they were false); *Kearns*, 567 F.3d at 1125-27 (dismissal affirmed where plaintiff did not specify

the ads, "when he was exposed to them," or "which ones he found material" and "relied upon in making his decision to buy").

Instead, the Complaint leans on generic assertions that the Products were marketed as "Electric Pressure Washers" and from that product description attempts to bootstrap a representation that they were "safe to use" and fit for their intended purpose. (Compl. ¶¶ 56, 68-69). But product-descriptor language and generalized warranty promises do not become fraudulent statements merely because the product later malfunctions. *Baba*, 2010 WL 2486353, at *4; *see also Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 964-65 (N.D. Cal. 2013) (dismissing where complaint did not identify "the content of the labels," ads, or website statements "upon which [plaintiff] allegedly relied when making his purchases").

Plaintiffs' omission theories are similarly insufficiently pled, merely alleging that TTI "concealed the Defect" while continuing to market the Products. (Compl. ¶¶ 83, 223). "[G]eneral pleadings" alleging merely an intent to conceal information from consumers without details, "do not satisfy the heightened pleading requirements of Rule 9(b)". *Kearns*, 567 F.3d at 1126-28 (affirming dismissal of fraud by omission claims for failing to meet Rule 9(b)'s heightened pleading requirements).

### 3.    Plaintiffs Fail to Allege Reliance on Any Misrepresentations.

Plaintiffs allege, in conclusory form, that they read and relied on "the Product's labeling and packaging" and would not have bought their units or paid as much for their units had the alleged defect been disclosed. (Compl. ¶¶ 29, 32, 36-37, 40, 43, 46, 49, 147, 178-188). But they never tie that claimed reliance to any specific misrepresentation made at the time of purchase. And while they also reference TTI's website and owner's manuals in a misguided attempt to bolster their shaky claims, there are no accompanying allegations that Plaintiffs ever reviewed the website or owner's manuals, let alone relied on any statements therein when buying their units. (*See id*.) Indeed, Plaintiffs admit to *not* relying on any owner's manuals at the time of purchase,

pleading that such manuals were "tucked away in the product packaging and not made available until after purchase."  (*Id*. ¶ 292, 319.)

The Ninth Circuit has made clear that, where a plaintiff does not "specify what the [] advertisements or other sales material specifically stated," nor "specify when he was exposed to them or which ones he found material[,]" such fraud claims cannot survive.  *Kearns*, 567 F.3d at 1126; *see also Tabler v. Panera LLC*, No. 19-CV-01646-LHK, 2020 WL 3544988, at *8 (N.D. Cal. June 30, 2020) ("Plaintiff again merely identifies a range of representative advertisements that Plaintiff alleges to be misleading, but Plaintiff provides no indication of which statements, if any, Plaintiff herself relied upon before purchasing the unspecified Products.").  Pointing to broad categories of materials—marketing, websites, packaging, manuals, and labeling—without identifying anything more (and in the same breath disclaiming reliance on some of those very materials) is not enough.  Plaintiffs' claims must be dismissed.

### B.  Plaintiffs' UCL Claim Also Fails Under the "Unlawful" and "Unfair" Prongs.

In addition to failing under the "fraudulent" prong of the UCL as addressed above, Plaintiffs' allegations are deficient under the UCL's "unlawful" and "unfair" prongs.  *See Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 643 (N.D. Cal. 2021) (citing *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017)) (describing the three prongs).

For the "unlawful" prong, courts borrow violations of other laws and make them legally actionable.  *See Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1144 (E.D. Cal. 2013) (citation omitted).  Because Plaintiffs do not state a claim under the FAL, CLRA, or Song-Beverly Act, their derivative claim under the "unlawful" prong necessarily fails.  *See Williams,* 2022 WL 899847, at *5 (explaining that a UCL unlawful claim "is derivative of [the plaintiff's] CLRA, FAL, and fraudulent concealment claims," and therefore fails when those claims fail).  Nor can Plaintiffs rely on 16 C.F.R. §§ 1115.4 and 1115.6 to supply an underlying violation.  Those CPSC-

promulgated reporting rules do not create a private right of action and cannot be used as a predicate for a UCL claim. *See Drake v. Honeywell, Inc.*, 797 F.2d 603, 608-09 (8th Cir. 1986) (explaining that Part 15 reporting rules "are not themselves law," and a "private cause of action cannot arise from an injury resulting from noncompliance with the product hazard reporting rules issued by the Commission"); *see also Stearns v. Select Comfort Retail Corp.*, No. 08–2746 JF, 2009 WL 1635931, at *15 (N.D. Cal. June 5, 2009) ("[N]o private right of action exists under the CPSA"). And where a federal statute "doesn't create a private right of action," plaintiffs "can't use California law to engineer one." *O'Donnell v. Bank of Am., Nat. Ass'n.*, 504 F. App'x 566, 568 (9th Cir. 2013). Accordingly, courts have consistently rejected efforts to use the UCL to enforce federal statutes lacking a private right of action. *See, e.g.*, *BMA LLC v. HDR Global Trading Ltd.*, 2021 WL 4061698, at *16 (N.D. Cal. Sept. 7, 2021) ("[T]he [Federal Trade Commission Act] 'does not provide individuals with a private right of action' and cannot be used as a predicate for a UCL claim.") (citation omitted).

The "unfairness" prong, subject to Rule 9(b) and reliance requirements, also fails. *See Watkins*, 550 F. Supp. 3d at 833-35. Plaintiffs do not satisfy those requirements, as described in greater detail in Sections II(A)(2) and (3), nor do they allege a substantial consumer injury cognizable under the UCL. *See Clemens v. DaimlerChrystler Corp.*, 534 F.3d 1017, 1026-27 (9th Cir. 2008) (the failure to disclose a defect that may or may not affect a product's life span—where the product otherwise performs as warranted—does not constitute substantial injury or unfair practice under the UCL). The unfair prong theory additionally fails because unfairness as alleged is not "tethered to some legislatively declared policy" whose violation would serve as a basis for their claims. *See Cal-Tech Comm. Inc. v. L.A. Cellular Tel. Col.*, 20 Cal. 4th 163, 186-87 (1999).

Plaintiffs' inadequate UCL claim must be dismissed.

**C.      The Economic Loss Doctrine Bars Plaintiffs' Tort Claims.**

Plaintiffs' tort claims, including common law fraud, negligent misrepresentation, and negligence, are not viable because Plaintiffs allege only economic loss arising from

20

contract, *i.e.* that "they would not have purchased the Products or would have paid less for them."  (Compl. ¶¶ 20, 81, 154); *see Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979, 988 (2004) (remedy for purchaser is in contract alone for "purely economic loss due to disappointed expectations" in absence of harm beyond contractual breach); *Kelsey v. Nissan N. Am.*, No. CV 20-4835 MRW, 2020 WL 4592744, at *1-2 (C.D. Cal. July 15, 2020) (same); *see also Cerretti v. Whole Foods Mkt. Grp., Inc.*, No. 21 CV 5516, 2022 WL 1062793, at *6-7 (N.D. Ill. Apr. 8, 2022) (dismissing claim under economic loss rule where plaintiff did not "explain[] why she should be able to recover against the company in tort rather than contract for her economic losses"); *FMR Corp. v. Boston Edison Co.*, 613 N.E.2d 902, 903 (Mass. 1993) ("[P]urely economic losses are unrecoverable in tort . . .  in the absence of personal injury or property damage."). Simply put, "where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only economic losses."  *Williams*, 2022 WL 899847, at *6 (cleaned up and citation omitted).

Plaintiffs have not shown either an affirmative misrepresentation, an omission based on a duty independent of the contract, or "personal damages independent of [their] economic loss" as required to surmount the economic loss doctrine's bar. *Robinson*, 34 Cal.4th at 993; *see also Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 44 (2024) (requiring a duty independent of the contract to escape the economic loss rule, not merely a restatement of contractual expectations); *TreeHouse Foods, Inc. v. SunOpta Grains and Foods Inc.*, No. 18 C 1412, 2019 WL 1429337, at *6 (N.D. Ill. Mar. 29, 2019) (explaining that exception to the economic loss rule requires personal injury or property damage); *FMR Corp.*, 613 N.E.2d at 903 (same).  Their omission allegations and overly generalized marketing themes are inadequate. *See supra* Section II(A)(1); *Santana v. FCA US, LLC*, 270 Cal.Rptr.3d 335, 244-45 (Cal. Ct. App. 2020) (fraudulent concealment claim fails without Defendant's prior knowledge of defect, as "[t]he very existence of a warranty presupposes that some defects may occur").

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

Furthermore, any personal injury claims are specifically disavowed (Compl. ¶ 30), reinforcing that this case is strictly about overpayment for a product. (*Id.* ¶¶ 20, 81, 190-191, 210-212, 254, 270, 293). That pleading choice matters; it means Plaintiffs' tort claims must be dismissed. *See Williams*, 2022 WL 899847, at *7; *Kelsey*, 2020 WL 4592744, at *2 (dismissing complaint alleging neither a specific affirmative misrepresentation nor harm incurred beyond payment for the disappointing product).

### D.    The Negligence Claim Also Fails for Lack of a Special Relationship.

A plaintiff who experiences purely economic injury cannot bring a negligence claim based on a defective product in the absence of a special relationship between the parties, which does not exist between TTI and Plaintiffs. *See Terpin v. AT And T Mobility LLC*, 118 F.4th 1102, 1114-15 (9th Cir. 2024). According to Plaintiff, TTI created a special relationship "through its misrepresentations and omissions regarding safety and through its designing, manufacturing, marketing and selling" of the Products. (*Id*. ¶¶ 109, 195-198). But that is just an ordinary manufacturer-consumer relationship based on an arm's-length commercial transaction. *See Terpin*, 118 F.4th at, 1114 ("[C]laims for monetary losses between contractual parties are barred by the economic loss rule . . . when they arise from — or are not independent of — the parties' underlying contracts.") (citation omitted).[8]

### E.    Plaintiffs' Warranty Claims Are Insufficiently Pled.

#### 1.    The Express Warranty Claims Are Inadequate.

Plaintiffs rewrite the scope of the warranty, do not plead breach of the actual warranty terms, and do not allege compliance with the warranty's remedial requirements—all fatal to their express warranty claims. To state a breach of express warranty claim, Plaintiffs "must allege the exact terms of the warranty, plaintiff's

---

[8] Even apart from the economic loss requirement, the negligence count fails because it rests on the same deficient knowledge allegations discussed above. *See* Supra Section II(A)(1). Absent plausible pre-sale knowledge of the alleged defect, Plaintiff's failure-to-warn theory cannot stand. *See Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal. 3d 987, 1000-04 (1991).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Watkins*, 550 F. Supp. 3d at 830; *see Gubala v. CVS Pharmacy, Inc.*, No. 14 C 9039, 2015 WL 3777627, at *7 (N.D. Ill. June 16, 2015).

In this attempt, Plaintiffs take an overly-expansive view of the written warranty, which is narrower than the Complaint suggests. The warranty provides:

> Techtronic Industries North America, Inc., warrants to the original retail purchaser that this RYOBI™ brand pressure washer is free from defect in material and workmanship and agrees to repair or replace, at Techtronic Industries North America, Inc.'s discretion, any defective product free of charge within [. . .] Three years if the product is used for personal, family or household use." [. . .] "The product, including any defective part, must be returned to a RYOBI™ Authorized Service Center within the warranty period" and that TTI's obligation is "STRICTLY AND EXCLUSIVELY LIMITED TO THE REPAIR OR REPLACEMENT OF DEFECTIVE PARTS.

Operator's Manual, Root Dec. Ex. A, at 17. TTI provides a limited repair-or-replace warranty for defects in materials and workmanship. It is not a promise that the Product is design defect-free or a promise of refund. Nor is it a broad promise that the Product will be "safe," "durable," or "dependable" in the extra-contractual way that Plaintiffs allege. (*Compare* Compl. ¶ 258 (quoting "free from defects in materials and workmanship") *with id.* ¶¶ 260, 267, 320, 384 (transforming the written warranty into alleged promises that the Products were safe, durable, and dependable)).

Plaintiffs also fail to connect the alleged breach to the actual warranty language. They do not allege any specific defect in materials or workmanship. By alleging that all Products are uniformly defective, Plaintiffs are advancing a design-defect claim— which the express warranty does not cover. *See Vatan v. Porsche Cars N. Am., Inc.*, No. 2:25-cv-04409-AH-(SSCx), 2026 WL 130577, at *4 (C.D. Cal. Jan. 15, 2026) (dismissing claim resting on conclusory assertion that defendant breached an express warranty that the vehicle would be free from defects); *McCabe v. Ford Motor Co.*, 774 F. Supp. 3d 349, 371 (D. Mass. 2025) (finding that design defect was outside of the

warranty scope); *Caracci v. Am. Honda Motor Co., Inc.*, 726 F. Supp. 3d 840, 851 (N.D. Ill. 2024) (same).  Without express warranty language pertaining to the design defect, there can be no representation-based reliance.  *See Watkins v. MGA Ent., Inc.,* 574 F. Supp. 3d 747, 756-58 (N.D. Cal. 2021).

Also absent are allegations that Plaintiffs made any warranty claims, much less that TTI refused to honor the promised remedy.  *See Crown Cell Inc. v. Ecovacs Robotics Inc.*, No. 21-cv-07890-SI, 2022 WL 4087512, at *5 (N.D. Cal. Sept. 6, 2022) (explaining that "a breach of express warranty claim is not premised on defects alone, but rather, on how the seller responds to the buyer's request to remedy those defects pursuant to the terms of the express warranty" and finding that a plaintiff did not adequately plead a breach of express warranty where they did not allege making a claim pursuant to the warranty's terms); *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 912 (N.D. Cal. 2018) (dismissing express warranty claims where plaintiffs failed to provide timely notice of the defect).

Only Angelini vaguely alleges that he "contacted Ryobi several times" and was told that "the company could not help him."  (Compl. ¶ 31).  But he does not specify when or in which manner, whether he submitted the requisite information to substantiate his warranty claim, or that he presented his unit to an authorized service center for repair but was refused.  *See Crown*, 2022 WL 4087512, at *5.

Custer, Hicks, and Morgan do not even allege that much.  The Complaint is silent on whether they submitted a warranty claim, returned their units to an authorized service center, or gave TTI the contractually required opportunity to repair or replace.  (*See* Compl. ¶¶ 34-50).  That omission is dispositive.  *See Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2008 WL 4542967, at *5 (N.D. Cal. Oct. 1, 2008) (finding that the plaintiff failed to allege that she attempted to invoke her limited warranty).  Angelini, Hicks, and Morgan also remain within the 3-year warranty period and could still submit warranty claims to obtain the contractually promised remedy.  Their failure to do so forecloses any claim for breach.  By contrast, although Custer's 2020 purchase

falls beyond the warranty period, TTI nevertheless still offers him a repair remedy by way of the Recall. *See Hawkins v. Shimano N. Am. Bicycle Inc.*, 729 F. Supp. 3d 989, 1018 (C.D. Cal. 2024) ("[A]n express warranty claim fails if a product does not manifest issues during the warranty period."); *Darne v. Ford Motor Co.*, No. 13 C 03594, 2015 WL 9259455, at *4 (N.D. Ill. Dec. 18, 2015) ("[E]xpress warranties of limited duration cover only defects that become apparent during the warranty period") (citation omitted).

Indeed, the Recall offers a fulsome repair remedy (the capacitor replacement kit) to all purchasers of the Products, which is the same general category of remedy that the limited warranty contemplates: a repair or replacement. (*See* Operator's Manual, Root Dec. Ex. A.; Compl. 273; CPSC Recall Webpage, Root Dec. Ex. C). The Recall remedy goes above and beyond the limited warranty's language by offering to mail these kits directly to Plaintiffs' homes, covering delivery costs, and not requiring either travel to an authorized service center or proof of purchase. (CPSC Recall Webpage, Root Dec. Ex. C. Plaintiffs cannot convert a limited repair-or-replace warranty into a refund obligation that the contract does not provide for, and in fact expressly disclaims. *See* Operator's Manual, Root Dec. Ex. A. ("[N]o claim of breach of warranty shall be cause for cancellation or rescission of the contract of sale.").

### 2. Plaintiffs Fail To State Viable Implied Warranty Claims.

*First*, the Complaint does not plausibly allege that each named Plaintiffs' unit actually exhibited the alleged defect that underlies this case, as required to state an implied warranty claim. Indeed, "[i]t is not enough to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their product *actually exhibited the alleged defect.*" *Taragan v. Nissan N. Am., Inc.*, No. C 09–3660 SBA, 2013 WL 3157918, at *4 (N.D. Cal. June 20, 2013) (emphasis in original) (citation omitted); *McGee v. Mercedes-Benz USA, LLC*, 612 F. Supp. 3d 1051, 1061 (S.D. Cal. 2020) (same). Neither Custer, Hicks, nor Morgan allege that their capacitors overheated or burst, ejecting parts. In fact, Custer alleges no

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

manifestation at all;[9] Hicks alleges that his pressure washer "sparked when plugged in" (Compl. ¶ 42); and Morgan only alleges that her pressure washer "did not run smoothly and would shut off by itself" (*Id.* ¶ 48).  Any claims that they experienced "other common symptoms" of a defective capacitor are speculative, self-serving, and not tied to the alleged overheating-and-bursting defect at issue.  (*Id.* ¶ 62; *see also* CPSC Recall Webpage, Root Dec. Ex. C; Root Dec. ¶ 5).  They cannot establish an implied warranty claim.  *See DeHoog*, 899 F.3d at 765 (speculation about risks of unrealized events "stops short of the line between possibility and plausibility of entitlement to relief").  Only Angelini alleges experiencing the specific capacitor-bursting event the Recall is meant to address.  (*Id.* ¶ 30).

*Second*, all Plaintiffs lack the requisite vertical privity to bring implied warranty claims, as they concede purchasing their units from retailer Home Depot.  (Compl. ¶¶ 28, 35, 41, 47); *Clemens*, 534 F.3d at 1023 ("[A] plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant" and "an end consumer . . . who buys from a retailer is not in privity with a manufacturer"); *see Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) ("[P]rivity of contract is a prerequisite to recover economic damages for breach of implied warranty.").

The Complaint tries to skirt the privity requirement by alleging that Home Depot is an "authorized dealer," has an exclusive North American partnership for Ryobi-branded tools, and that purchasers are third-party beneficiaries.  (Compl. ¶¶ 279-280).  But being an authorized dealer does not itself create vertical privity, and a routine

---

[9] Custer's implied warranty claim is also barred by the statute of limitations.  In Massachusetts, the statute of limitations is four years, regardless of a buyer's knowledge of the defect.  *See Nemirovsky v. Daikin N. Am.*, LLC, 177 N.E.3d 901, 915-16 (Mass. 2021) ("[T]he 'cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.'") (quoting Mass Gen. Laws Ann. ch. 106 § 2-725(2)(West 2025)).  Thus, Custer's implied warranty claim, which occurred at the time of delivery in 2020, is barred by the four-year statute of limitations.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

retailer relationship does not make the retailer the manufacturer's agent. *See Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1232 (9th Cir. 2013) ("Generally, retailers are not considered the agents of the manufacturers whose products they sell."); *Graham v. Am. Honda Motor Co.*, 806 F. Supp. 3d 758, 784 (N.D. Ill. 2025) ("[N]o Illinois authority permits a plaintiff to 'skirt the privity requirement' for implied warranty claims by alleging an agency relationship between the manufacturer and the direct seller.").

Nor can Plaintiffs evade the requirement by claiming to be third-party beneficiaries. Although the law in this Circuit is somewhat unsettled, this Court and others within this Circuit have repeatedly refused to extend a third-party beneficiary exception to retail consumers suing manufacturers for breach of implied warranty. *See, e.g.*, *Burgos v. Am. Honda Motor Co., Inc.*, No. 2:23-cv-02128-AB-SK, 2024 WL 2108843, at *6 (C.D. Cal. May 7, 2024) (refusing to apply third-party beneficiary exception to implied-warranty claim between retail purchasers and manufacturer under California and Illinois law); *Watkins*, 574 F. Supp. 3d at 755 (refusing to recognize third-party beneficiary exception in consumer action against product manufacturer); *see also Skiathitis v. Nyko Techs., Inc.*, No. CV 18-3584 PSG, 2018 WL 6427360, at *11 (C.D. Cal. Sept. 12, 2018) (acknowledging that "[t]he applicability of the third-party beneficiary exception to retail consumers like Plaintiffs is far from settled," but nevertheless concluding "that the best reading of California law is that the exception does not apply" because, in part, "no reported California decision has applied the exception to allow a retail purchaser to bring a breach of implied warranty claim against a manufacturer.").

### 3. Angelini and Morgan Have Not Stated Claims Under the Song-Beverly Consumer Warranty Act.

To bring express and implied warranty claims under the California Song-Beverly Consumer Warranty Act, a plaintiff must personally experience the product's defects. *See Adams v. FCA US LLC*, No. CV 16-4317-JFW, 2016 WL 9136170, at *5 (C.D. Cal. Dec. 27, 2016) (dismissing Song-Beverly Act claim "because Plaintiff experienced no

defects in her [vehicle], only potential defects that were the subject of the recall notices"); *Noori v. Jaguar Land Rover N. Am., LLC*, 2021 WL 1232450, at *5 (C.D. Cal. Apr. 1, 2021) (explaining that courts have held that "an asymptomatic recall" cannot qualify as a defect or nonconformity sufficient to support a Song-Beverly Act claim). Because the existence of an unmanifested safety recall alone is insufficient to prove a breach of express or implied warranty of merchantability, Morgan's claim must be dismissed. *See id*. at *12 (dismissing Song-Beverly Act claim in part because defect did manifest before car was repaired)*; Gutierrez v. Carmax Auto Superstores Cal.*, 248 Cal.Rptr.3d 61, 75-76 (Cal. App. Ct. 2018).

Further, implied warranties under the Act are time-barred if brought "more than one year following the sale." Cal. Civ. Code § 1791.1(c); *see Soro v. FCA US, LLC*, No. 25-cv-02200-GPC-SBC, 2026 WL 473050, at *8 (S.D. Cal. Feb. 19, 2026) (holding that a claim for breach of implied warranty of merchantability was "untimely on its face" where plaintiff brought her claim more than one year after purchase); *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 852-53 (N.D. Cal. 2012) (dismissing implied warranty claim where defect arose "well outside the one-year period established by the Song-Beverly Act").

Only Angelini allegedly experienced the defect at issue, but it manifested *two* years after his purchase date. (Compl. ¶¶ 28, 30). Morgan never experienced the overheating capacitor issue, does not even specify *when* she experienced an issue with her unit, and similarly purchased her unit more than one year before the filing of her initial complaint. (*Id.* ¶¶ 47-48). Thus, both Angelini's and Morgan's implied warranty claims under the Song-Beverly Act are insufficiently pled and/or time-barred.

As for the express warranty claim under the Act, a buyer must allow for a reasonable number of repair attempts within 30 days before seeking rescission. *See* Cal. Civ. Code § 1793.2(b); *Mocek v. Alfa Leisure, Inc.*, 7 Cal.Rptr.3d 546, 549 (Cal. App. Ct. 2003) ("[T]he buyer has a concomitant duty to allow a reasonable number of opportunities for repair before it can demand a replacement of the goods or

28

reimbursement."). Neither Angelini nor Morgan claims that they allowed TTI such an opportunity. While Angelini vaguely alleges that he "contacted Ryobi several times," (Compl. ¶ 31), he does not provide any details concerning the date, manner, or substance of his communications, or even that he was willing to allow TTI to repair the Product, as required by the Act.

Accordingly, because Angelini and Morgan lack standing to represent a purported class of California purchasers of the Products, their Song-Beverly claim should be dismissed.

### F.   The Unjust Enrichment Claim Fails.

Unjust enrichment is not a standalone cause of action in California, Illinois, or Massachusetts. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *Flores v. Aon Corp.*, 242 N.E.3d 340, 356 (Ill. Ct. App. 2023); *see also Harrison v. Mass. Bay Trans. Auth.*, No. 1884CV02939BLS2, 2020 WL 4347511, at *6 (Mass. Super. June 18, 2020). Such a claim cannot lie when an enforceable, binding agreement exists defining the rights of the parties. *See Paracor Fin., Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) ("[Under California law], unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties."); *Alexander v. Aura Real Est. Mgmt. – N.Y., LLC*, No. 23 CV 14416, 2026 WL 207351, at *9 (N.D. Ill. Jan. 27, 2026) ("[W]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.") (citation omitted); *Harrison*, 2020 WL 4347511, at *6. Plaintiffs' warranty claims, which affirm the existence of enforceable, binding agreements, foreclose their unjust enrichment claim.

To the extent the unjust enrichment claim arises from the same conduct underlying Plaintiffs' deficient fraud and consumer protection claims, it falls alongside them. *See, e.g.*, *Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. CV 17–01875–MWF, 2017 WL 4286577, at *8 (C.D. Cal. Sept. 20, 2017) (dismissing unjust enrichment claim

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

where plaintiff failed to state consumer protection claims); *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 518 (7th Cir. 2011) (same).

### G.   Morgan's CLRA Damages Claim Fails for Lack of Pre-Suit Notice.

A plaintiff seeking damages under the CLRA must provide written notice to the defendant of the particular alleged violation and demand that the defendant correct, repair, replace, or otherwise rectify the allegedly violative goods or services at least thirty days before commending suit.  Cal. Civ. Code § 1782(a).  Consistent with the statutory text, California courts have recognized that "[f]ailure to give notice before seeking damages necessitates dismissal with prejudice, even if a plaintiff later gives notice and amends."  *Waller v. Hewlett-Packard Co.*, No. 11cv0454–LAB, 2011 WL 6325972, at *6 (S.D. Cal. Dec. 16, 2011) (citation omitted).

Here, Angelini and Morgan "seek actual damages, restitution, reasonable attorneys' fees and litigation costs, punitive damages, and any other relief the Court deems proper under the CLRA."  (Compl. ¶ 399).  Yet Morgan does not allege having provided the requisite notice under the CLRA.  (Compl. ¶¶ 376-399).  Morgan's "failure to provide the statutorily required pre-suit notice requires dismissal of the CLRA claim with prejudice."  S*ee also Patton v. Forest Lab'ys, LLC*, No. EDCV 17-922-MWF, 2017 WL 10439658, at *9 (C.D. Cal. Nov. 1, 2017).[10]

---

[10] Angelini's attempt to skirt the notice requirements of the CLRA should also be rejected and his CLRA claim dismissed with prejudice.  Angelini purports to have provided notice under the CLRA on September 5, 2025, after he filed his original complaint on September 2, 2025.  (Compl. ¶ 398).  Although his original complaint attempts to disclaim damages under the CLRA (Original Compl., ECF No. 1, ¶ 74), he nonetheless makes multiple requests for damages (*Id.* ¶ 64 (incorporating paragraphs seeking damages); ¶ 73 (complaining of monetary harm"); *id.* Prayer for Relief (seeking actual, compensatory, statutory, and/or punitive damages)).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

**H.    Plaintiffs Fail to Plead Facts Warranting Tolling.**

Plaintiffs claim to bring this action on behalf of persons who purchased a Product during the "fullest period allowed by law," yet make no attempt to define this vague timeframe. Compl. ¶¶ 155-160. Plaintiffs do not even plead a start date to mark the class period. Instead, Plaintiffs assert that Defendant had knowledge "since at least 2017" and that the alleged injury is still ongoing. Compl. ¶¶ 133-137. Yet tolling does not extend class periods for an indefinite period of time in either direction. *See Astiana v. Kashi Co.*, 291 F.R.D. 493, 500 (S.D. Cal. 2013) ("The class definition must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member.") (citation omitted).

Notwithstanding the fact that such an unlimited class is unworkable, there is no basis to toll the applicable statutes of limitations for any of Plaintiffs' claims. Plaintiffs' invocation of fraudulent concealment, rises and falls with Rule 9(b). (*See* Compl. ¶¶ 131-145). Because Plaintiffs do not plead any actionable concealment with particularity, they likewise do not plead tolling.

To toll the statutes of limitations, Plaintiffs must plead with particularity that (1) TTI affirmatively misled Plaintiffs; (2) Plaintiffs were not on inquiry notice of the facts giving rise to the claim; and (3) Plaintiffs were diligent in trying to uncover those facts. *See Bettles v. Toyota Motor Corp.*, 645 F. Supp. 3d 978, 985-86 (C.D. Cal. 2022) (plaintiff failed to plead fraudulent concealment to toll the statute of limitations for claims arising out of an allegedly defective HVAC system). The same core requirements apply under Illinois and Massachusetts tolling provisions. *See Orlak v. Loyola Univ. Health Sys.*, 885 N.E.2d 999, 1009-1010 (Ill. 2007) (finding there could be no tolling where the plaintiff did not plead affirmative acts by defendant calculated to conceal a cause of action); *Szymanski v. Bos. Mut. Life Ins. Co.*, 778 N.E.2d 16, 27-28 (Mass. App. Ct. 2002) (same).

The Complaint does not meet that burden. As described in greater detail in Section II(A)(2) and (3), Plaintiffs identify no specific misleading statement, no

31

affirmative act taken to prevent discovery of a claim, and no facts showing when any supposed concealment occurred.  (Compl. ¶¶ 147-153).  Mere nondisclosure or silence does not constitute an affirmative act absent a fiduciary relationship—which Plaintiffs do not allege.  *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1131 (C.D. Cal. 2010); *Orlak*, 228 Ill. 2d at 18; *Szymanski*, 778 N.E.2d at 27-28.  Plaintiffs likewise fail to plead lack of inquiry notice or diligence.  Their own theory is that incidents and complaints existed publicly "since at least 2017."  (Compl. ¶¶ 13, 181, 271).  Those allegations undercut, rather than support, tolling, since they would trigger inquiry notice on Plaintiffs' part.  Plaintiffs have not sufficiently explained why, despite reasonable diligence, the claim could not have been discovered earlier.  *See Finney v. Ford Motor Co.*, No. 17-cv-06183-JST, 2018 WL 2552266, at *4 (N.D. Cal. June 4, 2018).

Instead, Plaintiffs' claims and purported infinite class must be narrowed by the statute of limitations applicable to each claim.  *See Mongalo v. Crocs, Inc.*, No. 24-CV-09037-TLT, 2025 WL 1725002, at *9 (N.D. Cal. June 20, 2025) (granting motion to strike class periods beyond 4 years from the filing of the action); *Ramirez v. Baxter Credit Union*, No. 16-CV-03765-SI, 2017 WL 1064991, at *8 (N.D. Cal. Mar. 21, 2017) (striking allegations beyond the 1-year statute of limitations period).  Plaintiffs' claims carry a range of limitations periods.  Those periods range from two to six years depending on the claim and state, including: fraud and negligent misrepresentation (three to five years) (*see* Cal. Civ. Proc. Code § 338(d); 735 Ill. Comp. Stat. 5/13-205); negligence (two to three years) (*see* Cal. Civ. Proc. Code § 339(1); Mass. Gen. Laws ch. 260, § 2A); warranty claims (four years) (*see* Cal. Com. Code § 2725; Mass. Gen. Laws ch. 106, § 2-725); and consumer protection statutes (three to four years) (*see* Cal. Civ. Code § 1783; 815 Ill. Comp. Stat. 505/10a(e); Mass. Gen. Laws ch. 260, § 5A)).

Moreover, given the multiple claims with varying statute of limitations periods, such allegations are "too general to satisfy Rule 9(b)'s heightened pleading standard." *Dawson v. Better Booch, LLC*, 716 F. Supp. 3d 949, 960 (S.D. Cal. 2024).  Applying all applicable statutes of limitation to each class member, taking into account dates of

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

discovery and affirmative act of fraudulent concealment unique to each class member, would render litigation of the claims unmanageable.  As described more fully *infra* in Section III(A), such a untenable method cannot stand.

## III.    PLAINTIFFS' CLASS CLAIMS SHOULD BE STRICKEN UNDER RULES 12(B)(6), 12(F), 23(C)(1)(A), AND 23(D)(1)(D).

### A.    Differences in State Laws Preclude Plaintiffs' Nationwide and Multi-State Classes.

Courts have repeatedly found that variations in state law pose insurmountable problems for consumer protection claims.  *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012), *overruled in part on other grounds by Olean Wholesale Grocery Coop. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (decertifying "nationwide class" due to variances between California consumer protection laws and those of other states).  Though the *Mazza* court was reviewing a class certification order, many courts (including this one) have held that a similar determination can be made on the pleadings.  *See Jackson v. Suzuki Motor of Am., Inc.*, No. 8:23-CV-02189-FWS-JDE, 2024 WL 3914666, at *8 (C.D. Cal. July 9, 2024) (striking nationwide fraud, UCL, CLRA, unjust enrichment, and warranty class allegations under *Mazza*); *Vinci v. Hyundai Motor Am.*, No. SA CV 17-0997-DOC, 2018 WL 6136828, at *7-10 (C.D. Cal. Apr. 10, 2018) (dismissing with prejudice nationwide CLRA, FAL, UCL, warranty, and fraud claims brought by representative plaintiffs from Oregon against defendant headquartered in California); *Glenn v. Hyundai Motor Am.,* 2016 WL 3621280, at *4, 10, 13, & n.9 (C.D. Cal. June 24, 2016) (applying *Mazza*; dismissing consumer-fraud and unjust-enrichment claims due to choice-of-law problems).

Here, the Complaint purports to assert thirteen claims on behalf of a nationwide class, a 10-state consumer protection class, and a 27-state implied warranty class. (Compl. ¶¶ 155-57).  Yet, as even their statutes of limitations illustrate, *see supra* Section II(I), these state laws are materially different.  *See, e.g.*, *Vinci*, 2018 WL 6136828, at *7-8 ("California's consumer protection statutes are materially different from those in other states," as is California warranty law).  Courts have similarly found

33

that claims for unjust enrichment, common law fraud, and breach of warranty are materially different and cannot be asserted on a nationwide or multi-state basis. *See Glenn*, 2016 WL 3621280, at \*13 (dismissing unjust-enrichment claim purportedly based on 32 states' laws); *Decker v. Mazda Motor of Am., Inc.*, 2013 WL 12129281, at \*5-6 (C.D. Cal. Mar. 29, 2013) (dismissing common law fraud claims under *Mazza*); *Cover v. Windsor Surry Co.*, No. 14-cv-05262-WHO, 2016 WL 520991, at \*6-7 (N.D. Cal. Feb. 10, 2016); *see also* statute of limitations analysis in Section II(H). Plaintiffs provide no state-by-state analysis, nor any grouping by materially similar elements.[11]

These claims should therefore be dismissed or stricken to the extent they attempt to assert state laws other than those of California, Massachusetts, and Illinois, where Plaintiffs reside. *See also Rojas v. Bosch Solar Energy Corp.*, 443 F. Supp. 3d 1060, 1070 (N.D. Cal. 2020) (granting motion to dismiss claims asserted on behalf of residents of states other than that of named plaintiff, and collecting cases).

### B.    Plaintiffs' Class Definitions are Overbroad.

In addition to seeking redress for purchasers protected by the laws of dozens of states to which they have no connection, Plaintiffs define classes broadly to include "all persons who purchased a Product . . . for personal use and not resale, until the date notice is disseminated." (Compl. ¶¶ 155-160). These definitions sweep in uninjured plaintiffs and plaintiffs who cannot state a claim, including, without limitation, purchasers who: (1) purchased the Product without the defect,[12] or without it manifesting; (2) purchased the Product in a downstream or re-sale market at a reduced price and/or not under warranty; (3) did not read or rely on any statement or omission by TTI before purchasing the Product, or for whom such statements or omissions were

---

[11] For example, for Plaintiffs' multi-state consumer protection count (Count VII), Plaintiffs simply allege, in conclusory form, that TTI's conduct "violates the consumer protection, unfair trade practices and deceptive laws of each of the jurisdictions encompassing the Multi-State Consumer Protection Class." (Compl. ¶ 298).

[12] As the CPSC Recall Webpage illustrates, only certain serial numbers of the Products were affected by the Defect. Root Dec. Ex. C.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE (25-CV-02280)

not material; and (4) were on notice of or took advantage of the recall. Plaintiffs' classes are thus overbroad and should be stricken. *See, e.g.*, Order Denying in Part and Granting in Part Motion to Dismiss Complaint and to Strike Class Allegations 20-21, *Webb v. Puffy LLC*, CV 25-06970-MWF (ASx), ECF No. 32 (C.D. Cal. Dec. 2, 2025) (Fitzgerald, J.) (granting motion to strike class definition that included "individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages"), quoting *Sanders*, 672 F. Supp. 2d at 990; *Sanders*, 672 F. Supp. 2d at 991 (striking classes whose definitions include "individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages.").

### C. Plaintiffs' Express Warranty and Fraud-Based Claims Are Not Appropriate for Class Treatment.

Plaintiff's express warranty and fraud-based claims are rife with individual issues that make class treatment inappropriate as a matter of law. In particular, Plaintiffs' express warranty claims require inquiry into "the provision of notice, an opportunity to cure, and reliance" for each class member. *Stearns v. Select Comfort Retail Corp.,* No. 08–2746 JF, 2009 WL 4723366, at *15 (N.D. Cal. Dec. 4, 2009). Plaintiffs' fraud claims likewise require "individual inquiries of each class member with respect to materiality of [Defendant's] statement[s], whether the member saw [Defendant's] advertisements or visited [its] website, and what caused the member to make the purchase." *Sanders*, 672 F. Supp. 2d at 991 (striking class allegations for fraud and warranty claims). Plaintiffs' class claims for express warranty and fraud should thus be stricken.

### CONCLUSION

TTI respectfully requests that the Court dismiss the Complaint in its entirety.

Date: April 2 2026

RILEY SAFER HOLMES & CANCILA LLP

By: */s/ Jeffrey R. Williams*
    Jeffrey R. Williams
    Amy C. Andrews
    Lauren E. Jaffe

SIDLEY AUSTIN LLP
Michelle C. Doolin
Judith Shophet Sidkoff

*Attorneys for Defendant*
*TTI Outdoor Power Equipment, Inc.*

36

## <u>CERTIFICATION OF WORD COUNT</u>

The undersigned, counsel of record for Defendant TTI Outdoor Power Equipment, Inc., certifies that this brief contains 12,001 words, which complies with the word limit set by Court Order dated March 27, 2026 (ECF No. 28).

Dated: April 2, 2026

/s/ Jeffrey R. Williams

Jeffrey R. Williams
jwilliams@rshc-law.com
RILEY SAFER HOLMES AND CANCILA LLP
456 Montgomery Street 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550

Amy C. Andrews (*pro hac forthcoming*)
Lauren E. Jaffe (*pro hac forthcoming*)
aandrews@rshc-law.com
ljaffe@rshc-law.com
RILEY SAFER HOLMES AND CANCILA LLP
1 S. Dearborn St., Ste 2200
Chicago, IL 60603
Telephone: (312) 471-8700

Michelle C. Doolin (SBN 179445)
michelle.doolin@sidley.com
SIDLEY AUSTIN LLP
12230 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 398-0182
Facsimile: (858) 398-0450

Judith Shophet Sidkoff (SBN 267048)
judith.sidkoff@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA  90067
Telephone: (310) 595-9473
Facsimile: (310) 595-9501

*Attorneys for Defendant*
*TTI Outdoor Power Equipment, Inc.*